EDWARD DUBKOWSKI ET AL. *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT, ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 6, 1962—decided February 6, 1963

*Edward B. Scott,* for the appellant (defendant The Stanley Works).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (named defendant).

*William S. Zeman,* for the appellees (plaintiffs).

SHEA, J. For a number of years the three plaintiffs, who were skilled workers, had been employed at The Stanley Works in New Britain. Two of them were in labor grade 14, earning a minimum of $2.35 an hour, and the third was in labor grade 13, earning $2.25 an hour. In October, 1960, because of a slack in business, they were transferred to lower-rated jobs, at $1.90 an hour. On November 18, because of the continuance of the slack in business, all three were offered jobs, to commence the next workday, as sweepers in grade 11, at $1.69 an hour. The rate of pay offered for the new work was the prevailing rate for sweepers in the labor area. Under the contract between the company and the union, an employee could refuse a transfer to a job which was two or more labor grades below his regular grade without suffering a loss in seniority. Each of the plaintiffs refused to accept the transfer to the sweeper's job, thereby acquiring a layoff status. It was found by the unemployment commissioner, on the employer's appeal, that the administrator granted benefits on the ground that the offer of work as a sweeper constituted, in these particular circumstances, an offer of unsuitable employment.

The administrator's decision was affirmed by the commissioner. The Superior Court dismissed the employer's appeal from the decision of the commissioner, and the employer thereupon appealed to this court.

The employer claims that (1) the plaintiffs have confined themselves to work comparable in financial return and social standing to that from which they were laid off and, thus, have so far restricted their exposure to the labor market that they are not available for work within the meaning of the law, and (2) the plaintiffs were disqualified from receiving benefits because they failed to accept suitable work when it was offered to them. No claim is made that the plaintiffs have failed to satisfy the other statutory requirements of eligibility for benefits.

Section 31-235 of the General Statutes provides that an unemployed person shall be eligible to receive benefits only if it has been found that "he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work . . . ." To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market. *Leclerc* v. *Administrator*, 137 Conn. 438, 439, 78 A.2d 550; *Reger* v. *Administrator*, 132 Conn. 647, 651, 46 A.2d 844. The test of availability is subjective. *Stapleton* v. *Administrator*, 142 Conn. 160, 164, 112 A.2d 211; *Schettino* v. *Administrator*, 138 Conn. 253, 261, 83 A.2d 217. A claimant is not entitled to unemployment compensation when he limits his availability for work because of personal reasons unrelated to the employment. *Leclerc* v. *Administrator*, supra, 441; *Northup* v. *Administrator*, 148 Conn. 475, 478, 172 A.2d 390.

Here, we are not dealing with self-imposed restrictions which are personal in nature. The reasons for the refusal of the plaintiffs to accept the proffered employment were inextricably related to the employment. At the termination of their old work and when the sweepers' jobs were offered to them, the new jobs did not call for the use of any of their skill, training or experience; the new pay rate was substantially lower; and the labor contract between the employer and the union to which the plaintiffs belonged expressly permitted the refusal, without loss of seniority, of a transfer to another job which was two or more labor grades below the regular job grade of the employee.

If the work offered to the plaintiffs was unsuitable, that unsuitability would be good cause for them to refuse to accept it. § 31-236. The mere fact that a person places certain restrictions on the type of work he is willing to accept does not, in itself, make him unavailable for work within the intent and meaning of § 31-235. If, however, the restrictions imposed by him reduce his prospects of employment to such an extent that he is no longer genuinely exposed to the labor market, he is no longer available for work. *Northup* v. *Administrator,* supra, 477; Freeman, "Able to Work and Available for Work," 55 Yale L.J. 123, 126.

Section 31-236 provides: "An individual shall be ineligible for benefits . . . if the administrator finds that, being otherwise eligible for benefits, . . . he has failed without sufficient cause either to apply for available, suitable work when directed so to do by . . . the administrator, or to accept suitable work when offered him . . . by an employer, . . . provided work . . . shall not be deemed suitable unless the administrator finds that it may reason-

ably be expected to yield remuneration at a rate greater than the individual's benefit rate for total unemployment and, in determining whether or not any work . . . is suitable for an individual, suitable employment shall mean either employment in his usual employment or other employment for which he is reasonably fitted, . . . provided such employment is within a reasonable distance of his residence or last employment, and, in determining whether or not any work . . . is suitable for an individual, the administrator may consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training and experience, his length of unemployment . . . ." The disqualification from benefits is in accord with the general theory of unemployment compensation laws, which is that compensation is to be provided for unemployment which is involuntary on the part of the employee. *Consiglio* v. *Administrator,* 137 Conn. 693, 696, 81 A.2d 351.

The employer contends that the offered employment is not unsuitable simply because it involves less responsibility and is less remunerative than the plaintiffs' prior employment. It contends that the commissioner erred in holding, in effect, that employment for lower pay, in work less skilled, does not become suitable immediately, but only becomes suitable after the unemployed person has had an opportunity to seek employment at his previous level of skill and rate of pay. This contention is without merit. The development and preservation of worker skills and the advancement and utilization of employee training are of general public concern. The unemployment compensation law is designed to protect rather than depress the present social status and standard of living of a claimant.

Sanders, "Disqualification for Unemployment Insurance," 8 Vand. L. Rev. 307, 328. The law should be administered so as to further these objectives.

"Suitability is not a matter of rigid fixation. It depends upon circumstances and may change with changing circumstances. Employment which may not be suitable while there is still a good present expectancy of obtaining other employment more nearly proportionate to the ability of the worker may become suitable if that expectancy is not realized within a reasonable time. Employment which may be unsuitable in a period of full employment may be suitable in a period of depression or of falling wages." *Pacific Mills* v. *Director*, 322 Mass. 345, 350, 77 N.E.2d 413. "To force a worker to accept a job at less than his highest skill at the peril of losing his unemployment compensation might result in the loss of this skill and is economic waste which should be avoided as long as there is a reasonable probability of its not being necessary." Freeman, op. cit., 55 Yale L.J. 123, 127. "It seems reasonable, therefore, that work at a lesser skill and lower wages should not be deemed suitable unless a claimant has been given a reasonable period in which to compete in the labor market for available jobs at his higher skill or related skills . . . ." Menard, "Refusal of Suitable Work," 55 Yale L.J. 134, 142; see Sanders, op. cit., 8 Vand. L. Rev. 307, 328. The longer a claimant is unemployed because of his inability to obtain work adapted to his higher skills or to skills related to them, the broader should be the field of his availability for work, and the more other jobs should be deemed suitable. Benefits are designed to help unemployed workers to maintain decent living standards in the face of unemployment, but a claimant must expect to lower his sights

as lack of work continues. Unemployment compensation cannot remove unemployment. It can do no more than cushion the shock caused by it, and thus the length of unemployment becomes an important factor to be considered. Altman, Availability for Work, p. 111.

Before work calling for less competence and lower remuneration can be found to be suitable, a claimant is entitled to a reasonable length of time within which to find work at his higher skill. No uniform rule can be established to determine what may constitute a reasonable time in which to test the demands of the labor market. Suitability depends on a number of factors which will vary according to the circumstances presented in each case. Any attempt arbitrarily to fix a definite waiting period must be avoided. Menard, op. cit., 55 Yale L.J. 134, 142. The longer a claimant is unemployed, however, the more he is obligated to take less desirable work and to make himself available to take it. Section 31-236 provides that the administrator, in determining whether work is suitable for an individual, "may consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training and experience, his length of unemployment . . . ." The administrator could properly consider any or all of these factors in determining whether the plaintiffs were justified in refusing to accept the sweepers' jobs. The work offered was to begin immediately, at the termination of their employment in skilled jobs. At the time of the offer, the plaintiffs had not had a reasonable time within which to search the labor market for jobs which would utilize their skill, training and experience. *Pacific Mills* v. *Director,* supra, 349; *Hallahan* v. *Riley,* 94 N.H. 48, 51, 45

A.2d 886; *Matter of Shotkin,* 4 App. Div. 2d 924, 925, 166 N.Y.S.2d 923; *Fuller Unemployment Compensation Case,* 159 Pa. Super. 74, 76, 46 A.2d 510. Under the circumstances, the job of sweeper was, at the time, unsuitable. The commissioner was correct in sustaining the action of the administrator, and the trial court did not err in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.