# Re Jean B. Prouty

[310 A.2d 12]

No. 65-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Zander B. Rubin, Esq.,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Raymond S. Fitzpatrick, Esq.,* for Employment Security Board.

**Daley, J.** This is an appeal from a decision of the Vermont

Employment Security Board affirming a denial of unemployment benefits to the appellant.

The appellant is a married woman who lives with her husband and three children in Grand Isle, Vermont. In the year 1971, she had been employed as a spark tester by Haveg Industries, Inc., in Winooski, Vermont. In August of that year she was laid off and subsequently filed a claim for unemployment compensation benefits. She received such benefits at the rate of $46.00 weekly from September 4, 1971, through February 12, 1972, a total of twenty-two weeks.

On or about December 12, 1971, Mrs. Prouty was offered employment as a bread wrapper in a bakery. As a result of her refusal to accept this type of employment she was interviewed by a claims examiner. On January 4, 1972, the claims examiner found that her refusal was justified because the job was unsuitable, but he determined that she was not available for work because she was unable to work all hours customary to her usual employment in the area, citing 21 V.S.A. §§ 1343 and 1344. Therefore, the claims examiner disqualified her for benefits for and subsequent to the week ending on December 18, 1971.

On January 5, 1972, another claims examiner found that the appellant was overpaid benefits in the sum of $46.00 for the week ending on December 18, 1971, and ordered her to make repayment.

The decisions of these two claims representatives were affirmed by the chief appeals referee, and the appellant appealed to the Vermont Employment Security Board. From the Board's affirmance of the determination previously made by the claims examiners and the chief appeals referee, the appellant appeals to this Court.

The following questions of law have been certified to this Court by the Board in accordance with V.R.A.P. 13(d):

"(1) Does the evidence in the case reasonably tend to support the findings of fact of the Vermont Employment Security Board?

(2) If the evidence in the case fairly and reasonably tends to support the findings of fact, do the findings of fact fairly and reasonably tend to support the conclusion of the Vermont Employment Security Board that

the Claimant was not available for work within the meaning of 21 V.S.A. § 1343?

(3) If the evidence in the case fairly and reasonably tends to support the findings of fact, do the findings of fact fairly and reasonably tend to support the conclusion of the Vermont Employment Security Board that the Claimant received benefits under Chapter 17 of Title 21 while a condition for the receipt of benefits was not fulfilled in her case when she failed to disclose to the employment office that she restricted her availability for work in that she was available for work on the first shift only?

(4) If the findings of fact fairly and reasonably tend to support the conclusions of the Vermont Employment Security Board, do the conclusions fairly and reasonably tend to support the decision of the Board in the case?"

The central question presented in this case is whether or not the appellant was eligible for unemployment compensation benefits during the period of time commencing on the week ending on December 18, 1971, and continuing for five weeks.

The Board's findings of fact may be summarized as follows: The appellant is available for first shift of factory work. She is not available for second and third shift because of lack of transportation and babysitting problems during the evening hours. Her husband also objects to her working evenings. There is a substantial amount of work performed in the appellant's labor market area for which she is qualified; however, such work is customarily performed on at least two shifts. The appellant has no training or experience in office work.

Based upon these findings of fact, the Board concluded that the appellant, having restricted her availability to first shift factory work because of domestic reasons, did not meet the test of eligibility set forth in 21 V.S.A. § 1343(3), requiring her to be able to and available for work.

The facts found by the Board, being supported by the evidence in the record, will not be disturbed here. *Armstrong*

v. *Hanover Insurance Company,* 130 Vt. 182, 185, 289 A.2d 669 (1972).

The case with the factual situation most similar to the one at hand is *Nurmi* v. *Employment Security Board,* 124 Vt. 42, 197 A.2d 483 (1963). In that case, the women claimants had children requiring daytime care and other similar domestic problems. Therefore, they limited their availability to night shift work. They declined offers for day work in suitable employment. This Court held that the claimants had failed to show "good cause" for refusing the employment under 21 V.S.A. § 1344(3); hence, they were not available for work, under 21 V.S.A. § 1343(3).

The appellant seeks to distinguish the rationale of the *Nurmi* case from this one because there, unlike here, employment was offered and refused. In both cases there existed a labor market for the services of the claimants. In this case, no job opportunity was offered to the appellant on the second or third shift. However, such offer would have been a nugatory act. The plaintiff had limited her availability in a labor market where suitable work was not so limited.

Her restriction to one shift when suitable work was being performed on at least two shifts was tantamount to a refusal to accept suitable work unless it was offered during the first shift. In the words of Chief Justice Shangraw:

> "There is nothing in the statute to justify the conclusion that the legislature intended that a claimant might limit his employment to certain hours of the day, where the work they were qualified to perform is not likewise limited. It can hardly be said that the act intends benefit for a worker [who chooses] to give up his job, or decline employment, solely by reason of home conditions, such as here." *Nurmi* v. *Employment Security Board, supra,* 124 Vt. at 47–48.

Ordinarily, availability for work under 21 V.S.A. § 1343(3) is *prima facie* established by a showing of proper registration for work with the commission, subject only to the commission's right to require the claimant to provide evidence of efforts to secure suitable work. *Willard* v. *Unemployment Compensation Commission,* 122 Vt. 398, 403, 173 A.2d 843 (1961). However, where, as here, the claimant

so limits his availability as to be tantamount to a refusal to accept suitable work, the burden is upon the claimant to show "good cause" for such a refusal. 21 V.S.A. § 1344(3).

In this case, the "good cause" given by the appellant in limiting her availability to first shift work only was, like in the *Nurmi* case, domestic problems. The domestic problems which the Board found were: no transportation, no baby-sitter, and objections by her husband to evening work for his wife. In the *Nurmi* case, wherein a similar set of domestic problems existed for the claimants, the concurring opinion of former Chief Justice Holden provides us with guidance.

> "As long as . . . a market was open, it seems reasonable that the claimants should be afforded an opportunity to compete for such work or to readjust their domestic affairs to accommodate the demands of daytime employment. Decisions on whether benefits should be available in this interval should be left to the administrative discretion of those charged with the responsibility of enforcing the act." *Nurmi* v. *Employment Security Board, supra,* 124 Vt. at 49.

Here, the appellant became unemployed in August, 1971. In December, 1971, she informed the claims examiner of her availability for first shift work only due to domestic problems. Under these circumstances, we cannot say that it was an abuse of discretion to deny benefits to the appellant. Moreover, we cannot say that the domestic problems which the appellant listed were good cause for her to limit her availability to first shift work only. 21 V.S.A. § 1344(3); *Nurmi* v. *Employment Security Board, supra,* 124 Vt. at 48.

The Board also affirmed the decision of the claims examiner ordering the appellant to repay the sum of $46.00 paid to her as benefits for the week ending on December 18, 1971. The authority upon which the Board based the affirmance of this order of repayment is 21 V.S.A. § 1347(a), which reads:

> "Any person who by nondisclosure or misrepresentation by him, or by another, of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) has received any amount as benefits under this chapter while any conditions for the

receipt of benefits imposed by this chapter were not fulfilled in his case or while he was disqualified from receiving benefits, shall be liable for such amount."

The appellant first filed her claim for unemployment benefits on August 25, 1971. She apparently was found eligible, and benefits were paid without question upon bi-weekly filing of continued claims. The Board does not claim entitlement for repayment of benefits paid prior to that week ending December 18, 1971. It cannot then take the position that the failure to disclose occurred prior to her interview by the claims examiner in December, 1971. At that time the appellant stated that she was currently available for first shift work only.

■ Even assuming that she was only available for first shift work during the week ending on December 12, 1971, the first week that the claims examiner found that she was disqualified from receiving benefits, the record discloses no evidence of nondisclosure or misrepresentation. Without such evidence appearing in the record, the conclusion that the appellant must repay benefits pursuant to 21 V.S.A. § 1347 (a) is not supported by the evidence and cannot stand. The burden of proving that benefits were received in violation of 21 V.S.A. § 1347(a) was upon the commission. It failed to discharge its burden of establishing by competent evidence the nondisclosure, the ground upon which it relies. Therefore, the Board, in affirming the order of repayment pursuant to 21 V.S.A. § 1347(a) was in error.

The questions of law certified to this Court by the Vermont Employment Security Board are answered as follows:

Question Nos. 1 and 2 are answered in the affirmative.

Question No. 3 is answered in the negative.

Question No. 4 is answered in the affirmative, in that the appellant, Jean B. Prouty, was not eligible for benefits for the five week period commencing on the week ending on December 18, 1971; and answered in the negative because the appellant, Jean B. Prouty, is not liable for repayment of benefits in the sum of $46.00 for the week ending on December 18, 1971, pursuant to 21 V.S.A. § 1347(a).

*The decision of the Vermont Employment Security Board is affirmed as to the eligibility of the appellant for unem-*

*ployment compensation benefits and reversed as to the liability of the appellant for the repayment of benefits pursuant to 21 V.S.A. § 1347(a).*