# In re Betty A. Potvin

[313 A.2d 25]

No. 25–73

Present: Barney, Smith, Keyser and Daley, JJ., and Larrow, Supr. J.

Opinion Filed December 4, 1973

*Zander B. Rubin, Esq.*, Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Raymond S. Fitzpatrick, Esq.*, for Employment Security Board.

**Keyser, J.** The appellant (claimant) appealed the decision of the Vermont Employment Security Board of January 24, 1973, which affirmed the denial of her claim for unemployment compensation by the Appeals Referee. It also upheld the decision of the referee that claimant was disqualified for the

payments she received for three weeks in February, 1972, and was liable for the repayment of $156.00.

The facts found by the board in the main are not in dispute. Claimant was last employed for about four years as a stenciler by General Electric Company at a wage of $2.585 an hour. She was granted a pregnancy leave on February 26, 1971. She returned to work on July 6, 1971, but was laid off for lack of work on July 19, 1971. A grievance was filed by claimant's union on her behalf alleging that she should have been recalled by her employer at an earlier date but it was unresolved at the time of hearing before the referee.

Between 1963 and 1966 claimant had experience as a chambermaid working full time in the summer and part time in the winter. On February 10, 1972, claimant was referred to work by the Employment Service as a chambermaid at a starting wage of $1.60 an hour. She refused the job referral and informed the interviewer that she could not work for $1.60 an hour, but would accept $2.00 an hour.

Claimant had made little or no independent search for work since separation from her last employment and the prospects for her recall to work at General Electric were uncertain. It was also found that the job referral as chambermaid met prevailing conditions of work standards and that claimant was qualified by experience to perform the work.

The following questions were certified to this Court for determination under V.R.A.P. 13(d):

1. Whether the findings of fact are supported by the evidence;

2. Whether the findings support the conclusions of the board; and

3. Whether the conclusions support the Board's decision.

The only finding challenged by claimant is number 4— "The work to which claimant was referred met the prevailing conditions of work standards. . . . " A review of the testimony on this subject shows the only knowledge the witness had in this regard was "an order probably out there in the Employment Service." He said he had not personally contacted employers as to the prevailing starting wage. The burden of

proof was on the department and there is no clear proof to support the finding.

The claimant argues that the following conclusion of the board lacks support in the facts and in law:

> It is concluded that claimant failed without good cause to apply for available suitable work when she had been unemployed and filing claims for unemployment benefits for seven months; when the job she was referred to met the prevailing conditions of work; when the prospects of recall to her former employment were uncertain despite a union grievance; and when, in view of her long period of unemployment, claimant's insistence on a starting wage of $2.00 an hour was not reasonable.

The pertinent part of 21 V.S.A. § 1344(3) provides:

> An individual shall be disqualified for benefits:

> (3) If the commissioner finds that he has failed, without good cause, . . . to apply for available, suitable work when so directed by the employment office. . . .

> (A) In determining whether or not any work is suitable for an individual, the commissioner shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for serving local work in his customary occupation, and the distance of the available work from his residence.

> (B) Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:
> . . . (ii) If the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality. . . .

The underlying purpose of the Unemployment Compensation Law is to remove the economic disabilities and distress resulting from involuntary unemployment. *Nurmi* v. *Em-*

*ployment Security Board,* 124 Vt. 42, 46, 197 A.2d 483 (1963). As remedial legislation it should be construed in accordance with its intended objectives, and for this reason no person shall be excluded from its benefits unless the law demonstrates an intent to make such exclusion. *In re Hatch,* 130 Vt. 248, 257, 290 A.2d 180 (1972).

■ The issue central to this appeal is whether or not the claimant refused without good cause to apply for available, suitable work within the terms of 21 V.S.A. § 1344(3) (A). This section, among other things, requires the commissioner to consider the claimant's prior training and experience in his determination of suitability. In essence, a suitable job is one that is reasonably related to the claimant's qualifications. Maximum utilization of a worker's skill and experience is a recognized goal of the unemployment compensation system, and courts, as a general rule, have recognized the claimant's right to reject, without loss of benefits, a job which involves far less skill than he possesses. *Pacific Mills* v. *Director of Division of Employment Security,* 322 Mass. 345, 77 N.E.2d 413 (1948) ; *Bowman* v. *Troy Launders and Cleaners,* 215 Minn. 226, 9 N.W.2d 506 (1943).

■ ■ Section 1344(3) (A) further requires the commissioner to consider the claimant's prior earnings in his determination of suitability. Although it is clear that the beneficent purposes of the law do not contain a guaranty that a job offer must be for wages equal to that of the old job in order to be deemed "suitable" work, it is equally clear that the law is designed to preserve as much as possible the claimant's present economic status and standard of living. See Sanders, *Disqualification for Unemployment Insurance,* 8 Vand. L. Rev. 307 (1955); Mendard, *Refusal of Suitable Work,* 55 Yale L.J. 134 (1945). Absent other circumstances, a claimant's refusal of a job will be held unjustified or "without good cause" where the proffered wages are not significantly less than former wages, *Pennington* v. *Dudley,* 10 Ohio 2d 90, 226 N.E.2d 738 (1967); *Reed* v. *Unemployment Compensation Board of Review,* 182 Pa. Super. 428, 128 A.2d 112 (1956), but where the proffered wage constitutes a substantial reduction in pay a claimant's refusal is often held to be for good cause and

benefits are not discontinued. *Groner* v. *Corsi*, 293 N.Y. 802, 59 N.E.2d 174 (1944); *Rex* v. *Board of Review*, 183 Pa. Super. 442, 132 A.2d 363 (1957).

Claimant here was asked to accept a job which would involve a change from a semi-skilled to an unskilled level of endeavor and effect a 40% reduction in her wages. If she had accepted the job, her net wages would have been approximately the same as her unemployment compensation benefits. Under the circumstances, we find that the claimant's refusal to accept the referral to a job as chambermaid was justified and for good cause. In light of the specific provisions of § 1344 (3) (A), the referral was unsuited to the claimant's prior experience, training and earnings.

Section 1344 (3) (B) (ii) states that no work shall be deemed "suitable" if the wages and other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality. Evidence submitted to the board indicated that $1.60 was the prevailing wage for chambermaids, and the board relied on that fact in determining that the chambermaid's job was suitable work for the claimant. The "prevailing conditions of work" standard is, however, only one factor in the determination of suitability. Both the claimant's prior earnings and the prevailing wage for a particular type of work are to be considered, and if the newly offered job falls sufficiently short of either standard, benefits should not be denied.

The Employment Security Board places considerable emphasis on the fact that the claimant had been unemployed for seven months when she was offered the chambermaid's position. Length of unemployment is, of course, a further factor which the commissioner must consider under § 1344 (3) (A), and it is undisputed that after an adjustment period of several weeks or more, an unemployed person must lower his sights somewhat and accept work involving less competence and lower remuneration. *Dubkowski* v. *Administrator*, 150 Conn. 278, 188 A.2d 658, 97 A.L.R.2d 1120 (1963); *Bentz* v. *Board of Review*, 190 Pa. Super. 582, 155 A.2d 461 (1959). But it is not the purpose of the unemployment compensation law to force workers into jobs at the lowest levels of skill and

compensation. To do so under these circumstances would contravene the general purposes of the law in the development and preservation of worker skills, and violate its express provision that a claimant is barred from unemployment compensation only if he refuses "suitable" work.

The question concerning liability for repayment is controlled by our decision in *In Re Prouty*, 131 Vt. 504, 310 A.2d 12 (1973). As there stated, claimants are not liable to repay benefits pursuant to 21 V.S.A. § 1347(a) where the record contains no evidence of nondisclosure or misrepresentation. There is no such evidence here.

For the reasons hereinbefore stated in this opinion, questions one, two and three are answered in the negative.

*Reversed and remanded.*