### Ronald J. Surowick v. Department of Employment Security

[349 A.2d 905]

No. 131-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed December 2, 1975

*Jeffrey D. Quittner*, Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*Raymond S. Fitzpatrick*, Montpelier, for Defendant.

**Barney, C.J.** The plaintiff is a trained and licensed aircraft mechanic. On the basis of that training and F.A.A. approval, he was hired by the Burlington Flight School, where he worked more than six months. His employment there terminated under circumstances that form the basis of this appeal. He was denied employment benefits all along the way from the claims examiner, through the appeals referee, to the Employment Security Board itself. He asks for a reversal of that result here.

The essential facts are these: In February, 1974, the owner discontinued heating the hangar in which the plaintiff worked. He was hired to and did maintain about ten aircraft. After about a week without heat, the plaintiff sent an inquiry to the owner if the heat could be turned on again. The message came back that the heat would not be turned on again as it was too expensive, and the plaintiff could work as it was or, "Go down the road". The fuel was available for heating purposes.

After this exchange, two days later employer did offer the plaintiff work in the automobile alternator shop in a heated part of the hangar at a cut in pay. The offered work was of a type for which the plaintiff's training and experience fitted him to do. The work would have been temporary until warmer weather when airplane repair would be resumed in the hangar. The plaintiff refused the transfer, preferring to work on airplanes, and the wage differential was not discussed.

The Employment Security Board concluded that this employment history amounted to a voluntary quit under 21 V.S.A. § 1344. We cannot agree.

The job offer made to the plaintiff was made in the presence of work on the premises in his licensed occupation. The evidence was that the planes were flown to other airports for servicing rather than replace the plaintiff. The evidence indicates that it was apparently better business to service the planes elsewhere rather than heat the hangar so that the work could be done on the premises. What the employer sought, according to the evidence, could be described as an alternator repairman winters who could qualify as an F.A.A. approved mechanic in the summer when the hangars required no heat. Or else it was determined to be less expensive to farm out the necessary maintenance as a matter of practice, and there was, therefore, no need to retain a licensed mechanic. His employment as an automobile alternator repairman at a lower pay apparently could be financially justified, and, perhaps, if the offer was refused it protected the experience rating of the employer.

This is not the same case as that of an unemployed aircraft mechanic being offered a lesser job within his competence after a period of not working. In that case the consideration of *Dubkowski* v. *Administrator*, 150 Conn. 278, 188 A.2d 658 (1963), cited in *In re Potvin*, 132 Vt. 14, 19, 313 A.2d 25 (1973), might apply, and the plaintiff be hard put to refuse the work.

But the work of an airplane mechanic is not only one of skill and competence, but, for reasons of safety and life protection, cannot be expected to be effectively performed in its more delicate and crucial aspects in an unheated hangar in February in Vermont. Such conditions not only affect the

safety of the users of the aircraft but fail to conform to the standard of suitability required under 21 V.S.A. § 1344(a) (2)(D). We hold that the plaintiff's refusal to attempt to perform his duties in an unheated hangar where no emergency required it, and his refusal to accept the work tendered, was justified and was for good cause. The same result would obtain if the alternative job offered had been to be janitor or night watchman during the winter. Presumably these would have been within his competence, but ought not to reward an employer by permitting avoidance of his burdens under the Unemployment Compensation Act. See *In re Potvin, supra,* 132 Vt. at 14. If economic reasons are, in fact, the true cause of the loss of employment, this is the very area in which the Unemployment Compensation Act is designed to operate to protect the employee, and to attempt to convert the situation into one in which the employee is not benefited is to subvert the purposes of the Act. *In re Platt,* 130 Vt. 329, 331, 292 A.2d 822 (1972).

*The Employment Security Board's determination of disqualification for unemployment benefits is reversed, and the cause is remanded for a computation and award of appropriate benefits.*