# Nancy Wallace v. Department of Employment Security

[365 A.2d 517]

No. 81-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

Motion for Reargument Denied October 22, 1976

*Kenneth Mark Appel,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Raymond S. Fitzpatrick,* Montpelier, for Defendant.

**Daley, J.** The appellant, a claimant for unemployment benefits, challenges the decision of the Vermont Employment Security Board affirming the denial of her claim for compensation by an appeals referee. The undisputed facts are that the claimant was trained and certified as a teacher and that teaching is her usual occupation. In July, 1975, she was forced to leave her position as a teacher of remedial reading in St. Johnsbury because of inadequate funding. She thereafter applied for unemployment compensation benefits. The parties agree that she was entitled to receive these benefits; however, because of administrative problems, the benefit payments were substantially delayed. During the ensuing summer months she sought employment as a teacher but was unable to secure such a position. In September, 1975, the claimant ac-

cepted employment at the University of Vermont as a clerk/ typist. The Department of Employment Security concedes that this clerical position was unsuitable for the claimant and that she could have refused such employment without adversely affecting her claim for benefits. The claimant remained at this position for ten days, at which time she voluntarily left because of her inability to adjust to this form of clerical employment. Her subsequent claim for unemployment benefits was denied by the appeals referee and the Board on the ground that she had voluntarily left the clerical position without good cause attributable to the employer. 21 V.S.A. § 1344(a)(2)(A). The sole issue before this Court is whether the claimant, by accepting employment in a position which was unsuitable and remaining at that job for ten days, waived her statutory right to receive unemployment benefits.

This Court has repeatedly recognized that the Unemployment Compensation Act, 21 V.S.A. § 1301 et seq., was enacted as remedial legislation and that a claimant should not be excluded from the provisions of the Act unless such an exclusion is clearly intended by law. *Nolan* v. *Davidson*, 134 Vt. 295, 357 A.2d 129, 131 (1976); *In re Potvin*, 132 Vt. 14, 17, 313 A.2d 25 (1973); *In re Moore*, 128 Vt. 581, 586, 269 A.2d 853 (1970). We have noted that a person who involuntarily joins the ranks of the unemployed may face the harsh reality of having to "lower his sight somewhat and accept work involving less competence and lower remuneration". *In re Potvin, supra,* 132 Vt. at 19. However, a claimant will not be disqualified from receiving unemployment benefits when he refuses to accept unsuitable employment. 21 V.S.A. § 1343(a)(3).

The Employment Security Board maintains that the claimant, by accepting unsuitable employment at a time when she was eligible for benefits, forfeited or waived those benefits. To subscribe to such a draconian interpretation of the relevant provisions of the Unemployment Compensation Act would be to defeat the remedial nature of that legislation. See *Wojcik* v. *Board of Review*, 58 N.J. 341, 277 A.2d 529, 531 (1971); *Herman* v. *Florida Dept. of Commerce*, 323 So.2d 608 (Dist. Ct. App. Fla. 1975). We do not believe that the Legisla-

ture intended to discourage a person temporarily unemployed from engaging in otherwise gainful activity even though such employment is not commensurate with his training or experience. We therefore rule that a claimant for unemployment benefits may secure unsuitable employment without waiving or forfeiting those benefits provided that the claimant does not remain at that unsuitable employment in excess of a reasonable amount of time.

In order to promote a policy which is ultimately for the benefit of employers as well as employees, we find that an employee, undertaking unsuitable employment, is entitled to a trial period of no longer than the time required to make his benefits chargeable to the second employer under 21 V.S.A. § 1325(a), a period in which he is paid no more than $595.00. If, before earning that amount from the "unsuitable" employment he chooses to terminate, no waiver of unemployment benefits chargeable to the first employer should result. The general statutory scheme does not contemplate loss of benefits, or a windfall to any employer, when an employee goes beyond the required statutory effort to attempt employment he was not required to accept in the first instance. Here, the voluntary termination of the unsuitable employment was within such a period, and therefore within a reasonable time.

*The determination of the Employment Security Board that the claimant is not entitled to unemployment compensation benefits is stricken, and the cause is remanded to the Board for the determination of the amount of benefits to which the claimant is entitled.*