## Linda D. Jenkins v. Department of Employment Security

[373 A.2d 533]

No. 186-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

*Kenneth M. Appel,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*David M. Wilson,* Montpelier, for Defendant.

**Hill, J.** This is an appeal from a decision of the Vermont Employment Security Board disqualifying the claimant-appellant from partial unemployment compensation benefits for a period of three consecutive weeks due to her failure to satisfy

the Board's interpretation of the 21 V.S.A. § 1343(a)(3) "available for work" requirement, for a portion of the total part-time work offered her in each of those weeks. Though the questions certified for our review pursuant to V.R.A.P. 13(d) are framed exclusively in terms of evidentiary support for the Board's ruling, the real issue at stake here involves the interpretation and application to be given the "available for work" condition in the partial unemployment situation.

The record shows that for several months appellant had been a full-time employee of Maple Grove, Inc. of St. Johnsbury, Vermont, until a scarcity of work required that she be placed on an "on-call" basis in which she could be summoned for work two or three days a week at her usual hourly rate. This "on-call" arrangement rendered the appellant "partially unemployed" as defined by 21 V.S.A. § 1301(9)(B) and therefore eligible for benefits to be computed in accordance with 21 V.S.A. § 1339.

While employed on this "on-call" basis, the appellant missed in each of the three weeks in question a certain number of hours of part-time work made available to her by Maple Grove, Inc. In week one, appellant missed eight out of twenty hours due to a dead automobile battery which prevented her from reaching work. In week two, appellant lost one and one-quarter hours from a total of twenty because of a flat tire. In the third week, the appellant was absent for four of the twenty-four hours available to her because her vexatious automobile would not start. The temperature was -20°F. No complaint was ever made by the employer as to these absences or as to the appellant's actual work performance. There is no dispute that appellant's absences from work were in good faith and beyond her control.

As a result of appellant's reported inability to perform all of the part-time work available to her during each of these three weeks, the claims examiner determined that she was disqualified from receiving any partial unemployment benefits because she failed to meet the "available for work" requirement in each week. This decision was upheld by the appeals referee, whereupon the appellant filed an appeal with the Employment Security Board. Before the Board, appellant argued that the correct interpretation of the "available for work" condition would require that the partial unemployment benefits due her be computed by including as wages earned the wages she would have received had she not been absent for good cause. In its initial decision, the Board accepted appellant's position and ordered

that the determination of the appeals referee be modified accordingly. However, the Board reconsidered its order and issued a "corrected decision" in which it sustained the appeals referee and found appellant to have been unavailable in each of the weeks and thus totally disqualified from unemployment compensation benefits.

■ As a practical matter, the present dispute concerning the concept of "available for work" as applied in the context of partial unemployment arises as a result of the unavoidable fact that implementation of any legislative enactment requires that bare-bone statutory directives be subjected to the vagaries of human judgment and reason before they can be made practicable. Frequently the result is that the courts are left with the task of construing and applying the generalized principles set out in the statutory schemata to a specific set of facts. See *Stryker* v. *Department of Employment Security,* 134 Vt. 224, 226, 356 A.2d 534 (1976). Of course, as we have often had the occasion to note in prior decisions, the Unemployment Compensation Act is designed as remedial legislation, and as such is to be construed in accordance with its express goal of removing economic disabilities. No person, therefore, should be excluded from benefits unless the Act itself reveals a clear intention to make such an exclusion. *In re Platt,* 130 Vt. 329, 331, 292 A.2d 822 (1972); *In re Potvin,* 132 Vt. 14, 18, 313 A.2d 25 (1973). For this reason we are of the view that the interpretation of the "available for work" condition adhered to by the Board in this case is inimical to the policy of the statute and cannot stand. Having concluded this much, however, we are confronted with the more complex problem of framing the proper construction of "available for work" in a situation of partial unemployment.

■ It seems to us that whether a partially unemployed claimant is available for work in any given week in which part-time work is to be had must necessarily turn on the facts of each case. This approach is consistent with our prior decisions in which we have held that the fact that a claimant has placed restrictions on the sort of work he is willing to accept does not per se render him unavailable in a disqualifying sense. In such cases, it is only when it is shown, after due consideration of the facts, that the conditions are such as to deny the existence of reasonable availability that compensation may be denied. *In re Platt, supra,*

130 Vt. at 333; *In re Prouty*, 131 Vt. 504, 508, 310 A.2d 12 (1973). The question, then, is whether the availability of the claimant is so reduced that she is no longer reasonably "available for work". Accordingly, we hold that before a partially unemployed claimant may be found to be unavailable in any week in which he/she misses a portion of the proffered part-time work, it must first be determined that the absence was so unreasonable as to render her not reasonably available for employment. Under this standard a claimant is either unavailable and disqualified, or is eligible for the benefits provided for in 21 V.S.A. § 1339 - the difference between his weekly benefit amount and the wages actually earned.

*The decision of the Employment Security Board that the claimant is not entitled to partial unemployment compensation is vacated, and the case is remanded to the Board for the determination of the amount of benefits to which the appellant is entitled.*