# Edith G. Carson v. Department of Employment Security

[376 A.2d 355]

No. 235-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Jon R. Eggleston* of *Kissane and Heald Associates*, St. Albans, for Plaintiff.

*David M. Wilson*, Montpelier, for Defendant.

**Hill, J.** The claimant appeals a determination of the Vermont Employment Security Board denying her unemployment compensation benefits on the ground that pursuant to 21 V.S.A. § 1343 she was not "available for work".

The following facts are not disputed. On November 1, 1975, the claimant, Edith G. Carson, was laid off from her job at the Vineyard Country Store in Isle La Motte, Vermont. The claimant had been employed at this establishment for some two years as a sales clerk, meat cutter, and general consultant. Contemporaneously with her full-time tasks at the store, the claimant was also employed on a part-time basis as a postal clerk at the Isle La Motte Post Office. At the time she was released from her job at the Vineyard Country Store, the claimant was working at the post office two hours a day on week days, and three hours on Saturday mornings. However, subsequent to the loss of her position at the Vineyard Country Store, and some two weeks prior to the hearing before the appeals referee, the postal department, in an economy inspired move, reduced the claimant's obligations to the three hours spent each Saturday morning.

After being laid off from her full-time job, the claimant promptly filed for unemployment compensation benefits. The claims examiner determined that the claimant failed to satisfy the availability requirements of Title 21 and denied her claim for benefits. Immediately following this action, the claimant took an appeal to an appeals referee of the Department of Employment Security. Following a hearing, the appeals referee denied the claimant compensation, concluding that, "The claimant cannot be considered available for permanent full time work." In support of this conclusion, the referee took official notice as follows: "It is common knowledge that work as a store clerk is generally performed on a six day a week basis, and there is not a substantial amount of work performed in the claimant's labor market area for which she is qualified." This observation, in conjunction with the referee's finding that the claimant was unwilling to give up her Saturday morning postal duties, obviously provided the basis for the decision returned in this case.

The claimant filed a timely appeal from the determination of the appeals referee to the Vermont Employment Security Board. After a hearing, the Board entered its judgment in which it adopted, in their entirety, the findings of fact and

conclusions made by the referee, and affirmed her decision. The claimant now appeals this decision of the Board.

The questions certified by the Department pursuant to V.R.A.P. 13(d) are, generally stated, whether the findings of fact made by the appeals referee and adopted by the Board are supported by the record, and whether these findings support the ultimate conclusion returned by the Board.

More specifically, the claimant has questioned the Board's order in two respects: (1) Whether the claimant's part-time work at the post office unduly conditioned her availability for other work, thereby rendering her ineligible for benefits; and (2) Whether it was proper for the appeals referee to take official notice that store clerks commonly perform their work on a six day week basis.

I.

■■ At the outset we note that appeals from decisions of the Employment Security Board are limited to evaluating the propriety of the findings made by the Board and its application of the pertinent law to the facts as found. *In re Moore,* 128 Vt. 581, 585, 269 A.2d 853, 855 (1970). The Supreme Court, sitting in review of the Board's action, must, if possible, construe the Board's findings so as to support the judgment. However, where the findings are deficient in any material respect, this Court cannot provide the requisite support by our own examination of the record. *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 46, 48, 330 A.2d 468, 470, 472 (1974).

In the instant case, the only findings made by the appeals referee that touch on the question of the claimant's availability are that she works three hours every Saturday morning as a postal clerk, and, because of her prospective pension, would not relinquish this part-time work.

The question before this Court, then, is whether the claimant's postal duties so materially limit her employability as to effectively render her "unavailable" in terms of the relevant labor market. See *Willard* v. *Unemployment Compensation Commission,* 122 Vt. 398, 404, 173 A.2d 843, 846 (1961); *In re Platt,* 130 Vt. 329, 333, 292 A.2d 822, 825 (1972).

■ Only very recently, this Court has had the opportunity to consider the import of the statutory phrase "available for work"

in relation to eligibility for unemployment compensation benefits. In *Jenkins* v. *Department of Employment Security,* 135 Vt. 210, 373 A.2d 533 (1977), we determined that the question of availability lends itself to resolution solely on a case by case basis, and that only when the facts peculiar to the claim under review "deny the existence of *reasonable* availability" could benefits be refused. (Emphasis added.)

Here, the findings made by the appeals referee patently do not demonstrate that the claimant has substantially removed herself from the labor market as a result of her commitment to her part-time job. Even if we accept the referee's determination that store clerks generally work on a six day a week basis, a point covered later on, we fail to discern how three hours spent on Saturday mornings significantly impairs the claimant's availability for other employment for which she is qualified. Accordingly, the Board's decision is without reasonable support and must be reversed.

## II.

Although the foregoing portion of this opinion disposes of the present appeal, we feel constrained to consider the issue of official notice briefed by the parties.

Administrative agencies, as a necessary adjunct to their quasi-judicial duties, have the authority to take official notice of judicially cognizable facts. See *Petition of Green Mountain Power Corp.,* 131 Vt. 284, 304, 305 A.2d 571, 583 (1973). The test as to the susceptibility of a given subject to judicial notice is whether sufficient notoriety attaches to the fact so as to make it a matter of "common knowledge". *State* v. *Martel,* 122 Vt. 491, 493, 177 A.2d 236, 238 (1962); *State Highway Board* v. *Jackson,* 129 Vt. 288, 293, 276 A.2d 620, 623 (1971).

In this case, the appeals referee, on her own initiative, found that it was a matter of "common knowledge that work as a store clerk is generally performed on a six day a week basis". It is no doubt true that a good many retail establishments do require their employees to be available for a six day work week. However, the practice is not so widespread and uniform that its existence may be assumed without proof. Clearly, given the situation prevailing among retail businesses generally, it was error for the appeals referee to take official notice of this particular fact.

*The determination of the Employment Security Board disqualifying the claimant from unemployment benefits is reversed, and the case is remanded to the Board for decision as to the amount of benefits to which the claimant is entitled.*