## Robert Call and Sherman Robare v. Department of Employment Security

[411 A.2d 1336]

No. 143-79

Present: Daley, Billings and Hill, JJ., Smith, J. (Ret.), Specially Assigned and Bryan, District Judge, Specially Assigned

Opinion Filed January 24, 1980

*Walter M. Morris, Jr.,* Vermont Legal Aid, Inc., St. Johns-
bury, for Plaintiffs.

*Brooke Pearson,* Montpelier, for Defendant.

**Hill, J.** This is a consolidated appeal from two decisions of the Vermont Employment Security Board, in which claimants were disqualified from receipt of unemployment compensation benefits, and were held liable for repayment. We reverse and remand.

Claimants, both skilled carpenters with substantial experience, were offered employment by the owner of Vermont Salvage Co. and Summerville Fence Co. Their employment was to have involved partitioning office space at Vermont Salvage Co., but when they reported for work, they were assigned the job of renovating "a partially gutted old building" at Summerville Fence Co. Claimants' first and last day of work was on October 19, 1978. During that day they concluded that the building was unsafe, yet they never communicated this concern to their employer. Rather, the next day they informed him that they had decided to take a better job. Claimants were paid for their day's work, and subsequently filed claims for unemployment compensation benefits. They did not, however, advise the local employment office of the circumstances surrounding their refusal to return to work.

Based on the facts presented, the Board concluded that the claimants had failed, without good cause, to accept an offer of suitable work. 21 V.S.A. § 1344(a)(2)(C). It also concluded that the claimants had received unemployment compensation benefits to which they were not entitled, and ordered repayment. It is from these decisions that claimants appeal.

It is the contention of the claimants that the Board erred in its conclusion that they refused an offer of employment, since they accepted the offer and reported for work, but left for good cause after determining that the job site was unsafe. See 21 V.S.A. § 1344(a)(2)(A). The Department, on the other hand, argues that claimants refused to accept suitable employment under 21 V.S.A. § 1344(a)(2)(C).

In support of its argument, the Department calls this Court's attention to *Wallace* v. *Department of Employment Security,* 134 Vt. 513, 365 A.2d 517 (1976), which, according to the Department's interpretation, stands for the proposition that claimants were required to work for a trial pe-

riod before they could be deemed to have accepted employment, thereby avoiding disqualification under 21 V.S.A. § 1344(a)(2)(C). This interpretation misapprehends the *Wallace* decision. In that case, Mr. Justice Daley reasoned that when a claimant accepted *employment he initially could have refused as unsuitable,* he had a reasonable amount of time after commencing that employment in which he could quit without forfeiting his benefits. See *Seymour* v. *Department of Employment Security,* 137 Vt. 79, 80, 399 A.2d 519, 520 (1979) (per curiam).

■ The *Wallace* test is inapposite in the present case. Here, the claimants were hired to do suitable work. The key question, therefore, is whether they "accepted" within the meaning of 21 V.S.A. § 1344(a)(2)(C), regardless of whether claimants continued for any minimum durational period. "The feasible and sensible test is whether, when a job is physically taken, it is accepted in good faith or whether its acceptance is merely a mask for refusal." *In re Centonze,* 1 App. Div. 2d 523, 525, 151 N.Y.S.2d 917 (1956).

■ A review of the record in the present case reveals no evidence that claimants accepted the job other than in good faith. Furthermore, the Board explicitly determined that they "accepted an offer of a job," that "[t]he job to which [they were] assigned involved . . . renovation," and that they "reported to work." Accordingly, we can see no basis for the Board's conclusion that claimants refused the work offered. *Carson* v. *Department of Employment Security,* 135 Vt. 312, 314, 376 A.2d 355, 357 (1977).

■ Claimants further argue that the appropriate analysis for the present case should be whether claimants "left the employ of [their] last employing unit voluntarily without good cause attributable to such employing unit." 21 V.S.A. § 1344(a)(2)(A). We agree. We cannot, however, subscribe to the course suggested by the Department and determine this issue on the present record. This Court has held that fundamental principles of fairness require proper notice of the issues to be heard. *Kaufman* v. *Department of Employment Security,* 136 Vt. 72, 74, 385 A.2d 1080, 1082 (1978) (per curiam). This rule is to ensure that claimants are sufficiently

forewarned of the grounds for termination of benefits so that they may present evidence in support of their claims. But where, as here, claimants have not had the opportunity to present such evidence because they did not receive notice of the particular charge, this Court will not allow the issue to be raised for the first time on appeal. *Kuhn* v. *Department of Employment Security*, 134 Vt. 292, 293, 357 A.2d 534, 535 (1976). It is necessary, therefore, that the case be remanded so that claimants are given the opportunity to present evidence on whether they should be disqualified for benefits under 21 V.S.A. § 1344(a)(2)(A).

■ Finally, claimants contend that it was error for the Board to uphold the Department's order to repay the benefits received. Under 21 V.S.A. § 1347(a), the Department has the authority to require repayment where a claimant has failed to accept suitable employment or has received benefits through nondisclosure or misrepresentation of a material fact. Since we have already held that the claimants did not fail to accept employment, repayment can be had only if the claimants failed to disclose or misrepresented a material fact.

It is clear, on examining the record, that claimants fully disclosed their day's earnings on their claim cards, and that they indicated no further earnings, thereby denoting that they had left their employment. In addition, although they initially did not advise the local office as to the circumstances surrounding the relinquishment of their employment, they did give a full account of the events when interviewed by the Department's claim representative. In light of these facts, we are unable to find that the Department discharged its burden of establishing nondisclosure or misrepresentation. *In re Prouty*, 131 Vt. 504, 509, 310 A.2d 12, 15 (1973). See also *In re Potvin*, 132 Vt. 14, 20, 313 A.2d 25, 28 (1973).

*Judgment reversed, and cause remanded for further proceedings in accordance with this opinion. To be certified forthwith.*