[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The claimant, Paul Schmidt, was employed by Quebecor Modern for a period of one year, June, 1998 to June, 1999.
She was employed as a full-time inventory control and purchasing worker, earning $12.88 per hour.
In that position, she prepared purchase orders, and placed orders over CT Page 8593 the phone.
Paula Schmidt had worked in the field of inventory control and purchasing for seventeen years.
The position with Quebecor Modern was obtained through the plaintiff, Charter Personnel Services, an employment agency.
The claimant's work history includes experience as a clerical worker, including familiarity with typing, filing, answering telephones, and computer work.
Paula Schmidt was terminated by Quebecor Modern on June 11, 1999 due to the relocation of the facility.
On July 19, 1999, approximately five weeks after her termination by Quebecor Modern, the plaintiff, Charter Personnel Services offered Paula Schmidt a temporary clerical position.
The temporary position paid $12.50 per hour, and the record reveals that the job offer was a bona fide offer.
Following her termination by Quebecor Modern, Paula Schmidt applied for and was granted unemployment compensation benefits.
The plaintiff employer, Charter Personnel, appealed the decision to grant benefits to the Appeals Referee.
The employer argued that Paula Schmidt had refused to accept "suitable employment" based on her rejection of the July 19, 1999 job offer, and was therefore ineligible for unemployment compensation benefits, pursuant to § 31-236 (a)(1) of the Connecticut General Statutes.[1]
The Appeals Referee, on October 15, 1999, reversed the decision of the administrator and found that the claimant had refused suitable employment without good cause.
The claimant, Paula Schmidt, appealed to the Board of Review, which reversed the decision of the Appeals Referee, finding that the claimant was not disqualified from receiving unemployment compensation benefits.
The Board of Review did not conduct an evidentiary hearing, but reviewed the record, including the taped proceedings before the Appeals Referee.
The Board of Review found that the claimant had refused the position offered to her by the plaintiff because it was unsuitable, in light of CT Page 8594 her prior work experience, and that she did not have a reasonable opportunity to find work in the field of inventory control. From that decision by the Board of Review, the plaintiff has initiated this appeal.
 STANDARD OF REVIEW
In an appeal from a decision of the Board of Review brought pursuant to § 31-249b of the Connecticut General Statutes, a court does not retry the facts or hear evidence. United Parcel Services, Inc. v.Administrator, 209 Conn. 381, 385 (1988).
The court reviews the record submitted by the Board of Review to determine if there is a logical and rational basis for the decision, or whether the board has acted arbitrarily, illegally, or in abuse of its discretion. Taminski v. Administrator, Unemployment Compensation,168 Conn. 324, 326 (1975).
It is not the function of a court to determine the credibility of witnesses or the weight to be given to their testimony. Calnan v.Administrator, Unemployment Compensation, 43 Conn. App. 779, 785 (1996). A court may not substitute its own conclusion for that of the board.Guevara v. Administrator, Unemployment Compensation, 172 Conn. 492, 495
(1977).
The board's decision must be sustained, if it results from a correct application of the law to the findings of fact, and could reasonably flow from those findings. Finkenstein v. Administrator, 192 Conn. 104, 113
(1984).
 RECORD SUPPORTS DECISION OF TILE BOARD OF REVIEW
The board found that there had been a bona fide offer of employment made by the plaintiff, Charter Personnel Services, to the claimant, Paula Schmidt.
Furthermore, as found by the Appeals Referee, the offer of $12.50 per hour was comparable to the $12.88 per hour which Paula Schmidt earned at Quebecor Modern.
The claimant possesses the requisite clerical skills to accommodate the position offered on July 19, 1999, the hours of work and location are comparable to the job from which she was terminated in June of 1999, and she possesses the necessary physical skills to perform in that position which was offered to her. CT Page 8595
However, the claimant, at the time of the offer, was looking for a position in inventory control on a full-time basis, and was seeking permanent not temporary employment.
The board concluded that the position offered was unsuitable because of the clerical nature of the job.
Although a different result might be mandated if the claimant's refusal of the bona fide offer came after an extensive period of unemployment, only five weeks had elapsed since her termination, and the offer of July 19, 1999.
While it is true that employment which may not be suitable while there is a good expectation of securing other employment may become suitable if the expectation is not realized, within a reasonable period of time;Dubkowksi v. Administrator, 150 Conn. 278, 283 (1963), it cannot be said that Paula Schmidt's refusal of clerical employment of July 19, 1999 was unreasonable.
Therefore, based upon the record, it cannot be found that the decision of the Board of Review was arbitrary, illegal, or in abuse of its discretion.
The decision of the Board of Review is affirmed, and the appeal is dismissed.
Radcliffe, J.