*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-040

JULY TERM, 2011

| | |
|---|---|
| Edward Kadunc | }   APPEALED FROM: |
| | } |
| v. | }   Employment Security Board |
| | } |
| Department of Labor | }   DOCKET NO. 9-10-064-13 |
| (East Burke School, Employer) | } |

In the above-entitled cause, the Clerk will enter:

Claimant appeals from an Employment Security Board decision finding him disqualified from receiving unemployment compensation benefits during a period of physical disability and requiring him to repay benefits he received in error. Claimant also seeks attorney's fees. We reverse the Board's decision and deny claimant's request for attorney's fees.

The Board made the following findings. Claimant was employed for over four and a half years by Lydall Thermal/Acoustical Inc. He left Lydall in June 2009 under circumstances that qualified him for unemployment compensation benefits. At some point, claimant approached the East Burke School about teaching an art class. It was agreed that claimant would teach a class two hours per week for $50 per week. Claimant performed his teaching duties between January 6, 2010 and April 8, 2010. During the week ending April 17, 2010, claimant began experiencing what seemed to be flu-like symptoms. Claimant did not go to work for the next few weeks. In late May 2010, claimant was hospitalized for approximately ten days. Following his discharge, he was told not to drive for a period of time and to refrain from lifting. He was cleared for driving on June 4, and all restrictions were lifted on July 1. Claimant began working for a steel pipe company in August 2010. Claimant received unemployment compensation benefits and federal supplemental benefits of $5,733 for the week ending April 17 through August 14, 2010, which the Department of Labor sought to recoup.

Based on these findings, the Board concluded that claimant was obligated to reimburse the Department because he was not reasonably able and available for work under 21 V.S.A. § 1343(a)(3) for the weeks ending April 17, 2010 through June 26, 2010. The Board rejected claimant's argument that he was entitled to continued benefits under the so-called "illness or disability" clause of 21 V.S.A. § 1343(a)(3), which allows a claimant to continue receiving benefits if he becomes ill after having established a valid claim for benefits. The Board found that this clause remained in effect only as long as a claimant in active filing status did not turn down suitable work that was offered to him. The Board reasoned that claimant had an offer of work to teach art at the East Burke School for the week ending April 17, 2010, as well as subsequent weeks, but he turned the work down due to his flu-like symptoms. The Board concluded that one who is not reasonably able and available for suitable work must be

disqualified from receiving unemployment compensation benefits until he demonstrates that he is once more able and available for suitable employment. It thus ordered claimant to repay $3,528 to the Department. Claimant appealed from this decision.

On appeal, claimant argues that the Board erred in concluding that he refused suitable work. He maintains that his job at East Burke School should not be considered suitable because it paid much less than his job at Lydall. Claimant also asserts that there were potential health risks associated with such work because, at the time, he believed that he might have a contagious flu virus. Claimant further argues that under our case law, his part-time job, which was so insignificant as not to be considered his "last employing unit," should not be used to disqualify him on other grounds. Additionally, he maintains that the purposes underlying the unemployment laws support judgment in his favor.

We agree that claimant did not refuse suitable work, and thus, we need not reach claimant's remaining arguments. Under 21 V.S.A. § 1343(a)(3), an unemployed individual is eligible to receive benefits with respect to any week only if the individual:

> [i]s able to work, and is available for work . . . provided . . . that no claimant shall be considered ineligible in any week of unemployment for failure to comply with the provisions of this subdivision if such failure is due to an illness or disability which occurs after the claimant has registered for work, filed a claim for benefits and during a week for which the individual was entitled to waiting period credit or benefit payments, and no work which would have been considered suitable but for the illness or disability has been offered after the beginning of such illness or disability.

We have construed the term "suitable work" in the context of another statutory provision, 21 V.S.A. § 1344(a)(2)(C), which provides that an individual is disqualified for unemployment compensation benefits for a specified period if he or she fails to apply for available, suitable work, or to accept suitable work when offered. Id. We explained that the term "[a]vailability encompasses a requirement that the work be 'suitable,' " and "[s]uitable work is that which an employee is capable of performing and is reasonably related to his qualifications." Gutches v. Dep't of Emp't Sec., 141 Vt. 587, 589 (1982) (citation omitted). This is consistent with 21 V.S.A. § 1344(a)(2)(D), which specifically provides that

> [i]n determining whether or not any work or employment is suitable for an individual for purposes of this subdivision, the commissioner shall consider the degree of risk involved to his or her health, safety and morals, his or her physical fitness and prior training, his or her experience and prior earnings, his or her length of unemployment and prospects for securing local work in his or her customary occupation, and the distance of the available work from his or her residence.

We observed that "[m]aximum utilization of a worker's skill and experience is a recognized goal of the unemployment compensation system, and courts, as a general rule, have recognized the

claimant's right to reject, without loss of benefits, a job which involves far less skill than he possesses." In re Potvin, 132 Vt. 14, 18 (1973).

The Department conceded, in its brief and at argument, that claimant would not be required under 21 V.S.A. § 1344(a)(2)(C) to search for positions like the two-hour per week position at East Burke School, because this work would not constitute "suitable work" under that provision. We find no compelling grounds to apply a different definition of the term "suitable work" for purposes of § 1343(a)(3). If one would not be required to accept such work as a condition of receiving unemployment compensation benefits, it is illogical to deny benefits should one decline such work due to illness under § 1343(a)(3). We reach our conclusion mindful that "[t]he underlying purpose of the Unemployment Compensation Law is to remove the economic disabilities and distress resulting from involuntary unemployment," and "[a]s remedial legislation it should be construed in accordance with its intended objectives." In re Potvin, 132 Vt. at 17-18 (citation omitted). "[F]or this reason no person shall be excluded from its benefits unless the Law demonstrates an intent to make such exclusion." Id. at 18 (citation omitted). We find no such intent here.

Finally, we reject claimant's request for attorney's fees. Claimant asserts that he is entitled to the benefit of an equitable exception to the American Rule, which requires that each party pay his or her own attorney's fees, because the Department and the Board changed their position during the litigation of this claim. We recognized an equitable exception to the American Rule rule in In re Gadhue, 149 Vt. 322, 328-30 (1987). In that case, we awarded attorney's fees for the cost of a second appeal to the Supreme Court where the litigant had been required to appear twice before this Court to obtain relief that should have been forthcoming after first appearance. The instant case is readily distinguishable, and the fact that the ALJ and Board based their decisions on different grounds does not demonstrate bad faith. As we emphasized in Gadhue, an equitable exception to this rule is "appropriate only in exceptional cases and for dominating reasons of justice." 149 Vt. at 330 (quotation omitted). This is not such a case.

The Board's decision is reversed, and the request for attorney's fees is denied.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice