**Michael P. Seyfried v. Department of Employment Security**

[392 A.2d 401]

No. 335-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1978

*John H. Hasen,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*William T. Keefe,* Montpelier, for Defendant.

**Barney, C.J.** The claimant-employee was denied benefits on the basis of a discharge for misconduct connected with his work. This determination had been made by the appeals referee and affirmed by the Employment Security Board. The claimant alleges that the facts do not support the decision.

Briefly reviewing those facts, it appears that the employer had determined to lay off the claimant, a custodian, for some uncertain period of time due to lack of work for him. Since the claimant worked in Rutland and the employer was in Hyde Park, the employer put a note in the mailed pay envelope of the claimant advising him of his discharge and asking him to call the employer.

The claimant did make the call and attempted to persuade the employer to lay off someone else in his stead. The employer stated that he was basing his decision on seniority and that the lay-off stood. An argument ensued over the phone and became intemperate on both sides. The employer concluded the conversation with a statement that the claimant was discharged.

The claimant then went home and wrote a letter of apology to his employer. The employer replied with a letter referring to some insulting comments the employee had made in his phone call. The claimant then wrote a second letter of apology.

With this factual situation before it the Board found that the discharge was based on misconduct in connection with his work. An anomaly immediately appears that requires reversal. The operative fact is that the claimed misconduct was not the cause of the unemployment for which the claimant seeks compensation. Had he done nothing but accept the decision of his employer, which persisted unchanged throughout, he would still have been laid off.

The real consequences of his conduct were that he spoiled his chances of being recalled to work at some future time by this employer. But that is not the issue that was before the Board. The effect of the Board's decision is to deny the claimant unemployment compensation rights as a matter of forfeiture for conduct that was immaterial on the issue of the original discharge.

■■ Even though it might have been sufficient to support a finding of misconduct had that conduct generated the decision to discharge, it does not support it in this case. With the burden on the employer to establish disqualification for benefits, *In re Potvin*, 132 Vt. 14, 17, 313 A.2d 25 (1973), and the obligation on the trier to liberally construe the Unemployment Compensation Law in favor of eligibility, *In re Moore*, 128 Vt. 581, 586, 269 A.2d 853 (1970), the result reached by the Board must be overturned.

*Judgment reversed and cause remanded for appropriate computation and award of benefits.*