Russell C. Smith, II v. Department of Employment Security

[407 A.2d 158]

No. 78-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 10, 1979

384

*Russell C. Smith, II,* Barre, *pro se,* Plaintiff.

*Michael F. Ryan* and *Brooke Pearson,* Montpelier, for Defendant.

**Billings, J.** This is an appeal from a determination of the Employment Security Board (the Board) that the appellant is not entitled to Federal Special Unemployment Assistance (SUA) benefits, for which he filed a claim in September of 1977. We affirm.

The Special Unemployment Assistance Program was created by Congress through the enactment of Title II of the Emergency Jobs and Unemployment Assistance Act of 1974, Pub. L. No. 93-567, §§ 201-210, 88 Stat. 1845 (1974). Congress made very clear in its statement of purpose that it was establishing a temporary program of special assistance for workers unemployed during a period of high unemployment who could not obtain relief under any other law. *Id.* § 201. Section 203 requires as a precondition of an individual's eligibility for SUA benefits that he be "not eligible for compensation under any State or Federal unemployment compensation law . . . ."

The implementing regulations of the Department of Labor reflect the requirement of § 203 of the Act above quoted, 20 C.F.R. § 619.4(a) (1978), and elaborate that requirement by providing that the receipt of or entitlement to extended benefits will defeat SUA eligibility, *id.* § 619.2(e). Extended benefits are defined as "compensation payable to an individual for weeks of unemployment in an extended benefit period, under those provisions of a State law which satisfy the requirements of the Federal-State Extended Unemployment Compensation Act of 1970, as amended (Title II, Pub. L. 91-373; 84 Stat. 695, 708) . . . ." *Id.* § 619.2(h).

The Department of Employment Security denied the appellant's September 1977 application for SUA benefits on the ground that he was eligible for extended benefits in a lesser amount. The appellant's position, which he argued unsuccessfully before an appeals referee and the Board, is that he was ineligible for extended benefits on the facts of his case.

The pattern of facts presented is not likely to recur. The appellant filed a claim for ordinary unemployment compensation benefits on September 22, 1976, following the termination of his employment as a campaign worker. The Department of Employment Security determined his weekly benefit amount, based on his earnings, to be thirty-nine dollars per week for the benefit year ending September 17, 1977.

Within a week of filing his claim, the appellant became employed by the Vermont League of Cities and Towns at a much higher salary than he had been earning at his previous job. This employment continued until September 23, 1977, when his position was eliminated due to financial constraints on the employer. The appellant thus collected no benefits during his regular benefit year. The Vermont League of Cities and Towns did not participate in any unemployment insurance program during the term of the appellant's employment with it.

On September 26, 1977, the appellant filed his claim for SUA benefits, the level of which would have reflected his most recent employment even though that employment was not covered at the time under the Vermont Unemployment Compensation Law. See Emergency Jobs and Unemployment Assistance Act of 1974, Pub. L. No. 93–567, § 205(a), 88 Stat. 1845 (1974). He argues that the Department of Employment Security's determination that he was eligible for extended benefits is erroneous, because there was nothing to extend, as he had drawn no benefits during his regular benefit year, and because the Department of Employment Security can point to no specific statutory authority for extending his benefits in such a situation.

This Court has often noted that the Unemployment Compensation Law, as remedial legislation, is to be construed liberally. *Seyfried* v. *Department of Employment Security,* 136 Vt. 357, 359, 392 A.2d 401, 402 (1978). No person should

be denied benefits unless the statute reveals a clear intention to exclude him. *Jenkins* v. *Department of Employment Security*, 135 Vt. 210, 212, 373 A.2d 533, 534 (1977) ; *Nolan* v. *Davidson*, 134 Vt. 295, 298, 357 A.2d 129, 131 (1976).

█ Eligibility for extended benefits is governed by 21 V.S.A. § 1423, which imposes only two requirements, as follows:

> An individual shall be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period only if the commissioner finds that with respect to such week:
>
> (1) he is an "exhaustee" as defined in section 1421 (10) of this title,
>
> (2) he has satisfied the requirements of this chapter for the receipt of regular benefits that are applicable to individuals claiming extended benefits, including not being subject to a disqualification for the receipt of benefits.

The appellant concedes that the second condition does not disqualify him, but argues that he is not an "exhaustee." The statute no longer defines the term. The definition formerly contained in 21 V.S.A. § 1421(a) (10) was deleted, unintentionally it seems, when the Legislature struck subsections (a)(6) through (a)(11) from the statute through the enactment of 1977 Vt. Acts No. 64, § 20, effective May 1, 1977. We cannot agree that this deletion can act to defeat the entire extended benefit program until such time as the Legislature can re-enact the definition.

"Exhaustee" was defined in 21 V.S.A. § 1421(a) (10) so as to include both individuals who had received all of the benefits available to them under state law prior to the week for which they were claiming extended benefits, and individuals whose benefit year had expired prior to that week who had insufficient wages or employment to establish a new benefit year that would include that week. There was an additional requirement, applicable in either of the above cases, that the claimant have no entitlement to benefits under certain specified federal laws, and that he not be seeking nor receiv-

ing benefits under the unemployment compensation laws of the Virgin Islands or Canada.

The appellant's case comes within this definition. His benefit year had expired prior to the week for which he was claiming SUA benefits, and he had insufficient wages or employment to establish a new benefit year that would include that week, since his employment with the Vermont League of Cities and Towns was not covered by the Unemployment Compensation Law. Had the definition not been repealed, our discussion would be at an end. As it is, it remains for us to explain why we can and, indeed, must look to federal law to give meaning to Vermont's extended benefit statute in the circumstances presented.

The administration of state unemployment compensation programs involves interdependent state and federal law. Reducing the nature of the interdependency to its simplest terms, the Congress establishes the outlines of a program that it will support, through a tax credit under Internal Revenue Code § 3304, and the states are then free to implement such a program through state legislation. Vermont's statutes establishing an extended benefit program, 21 V.S.A. §§ 1421–1426, reveal very clearly that they were designed to accept the invitation extended by the federal legislation. 21 V.S.A. § 1421 (1) (B) (ii) (II) provides:

> No extended benefit period may become effective in this state prior to October 11, 1970 in accordance with the Federal-State Extended Unemployment Compensation Act of 1970 . . . .

See also 21 V.S.A. § 1427 (repealed 1978), which provided that if the federal act were to have been amended, all the terms and conditions contained in the amended provisions would have become a part of Vermont's statute to the extent necessary to authorize the payment of benefits to eligible individuals, provided that the federal share continued to be at least fifty percent of the extended benefits paid.

Against this background, it becomes obvious that the concept of "exhaustee" was enacted as part of our extended benefit statute in order to bring Vermont's program into line with federal requirements. Our Legislature adopted its defi-

nition of "exhaustee" with only minor changes from the Department of Labor's regulations implementing the Federal-State Extended Unemployment Compensation Act of 1970, Pub. L. No. 91–373, §§ 201–207, 84 Stat. 695 (1970), see 20 C.F.R. § 615.4(b) (1978). Section 202(a)(1) of the act provides:

> For purposes of section 3304(a)(11) of the Internal Revenue Code of 1954, a State law shall provide that payment of extended compensation shall be made, for any week of unemployment which begins in the individual's eligibility period, to individuals who have exhausted all rights to regular compensation under the State law and who have no rights to regular compensation with respect to such week under such law or any other State unemployment compensation law or to compensation under any other Federal law and are not receiving compensation with respect to such week under the unemployment compensation law of the Virgin Islands or Canada. For purposes of the preceding sentence, an individual shall have exhausted his rights to regular compensation under a State law (A) when no payments of regular compensation can be made under such law because such individual has received all regular compensation available to him based on unemployment or wages during his base period, or (B) when his rights to such compensation have terminated by reason of the expiration of the benefit year with respect to which such rights existed.

█ Given the very close interrelationship between the federal and state extended benefit legislation, it is entirely proper to examine the former in order to construe the latter. The appellant was clearly one whose "rights to [regular] compensation [had] terminated by reason of the expiration of the benefit year with respect to which such rights existed" within the above quoted section. There is no warrant whatever in the statute, in the federal regulations implementing it, or in Vermont's statute designed to secure its benefit for its citizens, for denying the appellant extended

compensation on the ground that he drew nothing during his regular benefit year. Such a construction would frustrate the remedial purposes of the extended benefit legislation.

It is only due to an unfortunate quirk that the appellant would have been entitled to greater weekly payments under the Special Unemployment Assistance Program in effect when he made his claim, a program designed to deal with extraordinary hardship. Such an anomalous situation is not likely to arise in the future, because almost all employment situations are now covered by our Unemployment Compensation Law for the purposes of computing a claimant's weekly benefit amount under 21 V.S.A. § 1338(c), which governs the weekly extended benefit amount under 21 V.S.A. § 1424. In any case, the fact that the appellant would have fared better had he been able to receive SUA benefits is not relevant to his eligibility; his entitlement to extended benefits, in any amount, is dispositive.

*Affirmed.*