**Wesley J. Ellis v. Department of Employment Security**

[346 A.2d 221]

No. 272-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

534

*James S. Finch, Esq.*, Vermont Legal Aid, Inc., Springfield, for Plaintiff.

*Raymond S. Fitzpatrick, Esq.*, Montpelier, for Defendant.

**Daley, J.** Wesley J. Ellis, who for some eleven and one-half years was employed as a radial drill operator in the machine tool industry, retired on August 30, 1974, in accordance with his company's mandatory retirement policy. He receives both a retirement pension and social security benefits. He suffers from a chronic pulmonary obstructive disease commonly called emphysema.

On September 4, 1974, he applied for unemployment compensation benefits and was found to be ineligible by a claims examiner. This decision was sustained by the chief appeals referee. Mr. Ellis subsequently appealed to the Vermont Employment Security Board. From the decision of the Board affirming the decision of the chief appeals referee and the consequential denial of benefits, he appeals to this Court. In its decision the Board concluded:

> the claimant is not eligible to receive unemployment benefits when he is suffering from pulmonary emphysema and from the statements of the claimant's physician we are convinced that claimant is not able to work and from the claimant's testimony we are unable to find that he is avail-

able for work or that he is sincere in his professed willingness to do any suitable work.

The questions presented on appeal require us to determine whether or not the evidence supports the findings, and if so, whether the findings of fact support the Board's conclusions and decision. These questions are answered in the affirmative, and the judgment of the Board is affirmed.

21 V.S.A. § 1343(a)(3) provides that "[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that:

. . . .

(3) He is able to work, and is available for work. . . ." The burden of establishing the criteria set forth in (3) above is upon the claimant. *In re Platt*, 130 Vt. 329, 331, 292 A.2d 822 (1972); *Willard* v. *Unemployment Compensation Commission*, 122 Vt. 398, 403, 173 A.2d 843 (1961).

The claimant contended that he is capable of performing light work on a full-time basis such as light trucking, taxi driving, clerking in a store, or working as a mechanic. The Board's conclusions show that it did not believe his testimony when weighed in the light of the statements by his physician.

These statements are four in number and are set forth in the Board's findings. The first three followed the initial medical examination of the claimant. On the first, defendant's medical report form dated September 4, the doctor stated that the claimant could not work as a gas station attendant, but could work part-time as a store clerk or driver of a taxi or light truck. On September 25 he certified that the claimant could work full-time "but I insist it must be light work." In a November 15 letter addressed to claimant's attorney, the same physician wrote, "In my opinion this man is not able to maintain a gainful occupation on a regular basis."

The second medical examination occurred on November 18, the day before the Board's hearing, and led to the following handwritten addendum to the November 15 letter:

I have seen Mr. Ellis today 18 Nov 74. He is much improved since leaving Cone Blanchard. I believe this improvement is due to being out of the smokey polluted atmosphere of that factory. He is able & willing to do any

suitable work even though he must continue to take medication regularly.

These four statements are in conflict with each other. But their individual and cumulative weight and credibility were for the Board, *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 46, 330 A.2d 468 (1974), and the Board's resulting judgment "is entitled to strong credence, as within the particular province of a regulatory board with recognized competence and expertise." *Schneider* v. *Vermont Employment Security Board,* 133 Vt. 187, 190, 333 A.2d 104 (1975). It was not clearly erroneous for the Board to conclude that the claimant was unable to work.

After sustaining this conclusion, it is unnecessary to discuss at length the Board's other conclusion, since to satisfy the availability requirement the ability to work must be shown. *Willard* v. *Unemployment Compensation Commission, supra,* 122 Vt. at 402. A few comments are appropriate, however, regarding the physician's fourth statement that the claimant was able and willing to do any suitable work.

Like the words "able to work" and "available for work", "suitable work" connote statutory meanings to defendant and the Board more specific than ordinary usage would suggest and which a doctor, properly concerned primarily with a claimant's health, would not consider. Because the eligibility provisions of § 1343 must be read with the disqualifications in § 1344, the Board could properly consider these meanings in this case. *Id.* at 402, 403.

This claimant had accepted a pension designed to pay compensation in place of employment and had the burden of establishing his attachment to a labor market even if the Department had never asked him to seek work. *Id.* at 404. He needed to demonstrate that he was available for "suitable" work, *In re Platt, supra,* 130 Vt. at 334; applying for numerous jobs unsuitable for him does not aid his cause.

21 V.S.A. § 1344(a)(2)(D) lists the relevant factors to determining whether a certain job constitutes suitable work. In addition to health, the Board was also required to consider claimant's prior earnings, training, and experience. It found as a fact that he had no experience as a store clerk. It was presented with no evidence of positions applied for that claimant

could not refuse to accept on the ground that the wages were substantially below what he made at his former employment. See *In re Potvin*, 132 Vt. 14, 313 A.2d 25 (1973). Its doubts as to his health have already been discussed. He in fact acknowledged that some of the jobs he sought would be deleterious to his health, but stated he was willing to take that chance. However, the defendant could not force him to do so in the event that he refused a job of this nature were it offered.

Finally, even if all the jobs which the claimant testified that he applied for were "suitable" work, the factual record he presented before the referee and the Board was substantially quantitatively inferior to that presented by the claimant in *In re Dunn*, 131 Vt. 261, 305 A.2d 602 (1973).

*Judgment affirmed.*