### Elizabeth F. Lanctot v. Department of Employment Security

[356 A.2d 531]

No. 235-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Zander B. Rubin*, Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Raymond S. Fitzpatrick*, Montpelier, for Defendant.

**Daley, J.** This is an appeal from the Vermont Employment Security Board, which adopted the findings of its chief appeals referee and concluded that the claimant was disqualified from receiving unemployment benefits under 21 V.S.A. § 1344(a)(2)(C) because she had failed without good cause to accept suitable work when offered. The Board also concluded that her refusal to accept the employment offer was personal and not job related.

The questions certified for review require us to determine whether the findings, conclusions and decision of the Board are supported by the evidence.

■ Briefly, the evidence presented and the findings of the Board show the following: The claimant was last employed as a waitress, working approximately 24 hours a week at an hourly wage of two dollars. She lost this job in November, 1974, due to the closing of her employer's business. On April 18, 1975, Vermont Employment Service referred her to a job as a lunch counter attendant in a St. Johnsbury department store, requiring her to cook, serve light lunches and coffee 40 hours a week, at an hourly wage slightly higher than that received in her former employment. She contacted the employer, was offered the job, but refused it, because she did not feel capable of doing the work; she did not want the responsibilities inherent in operating a lunch counter. The claimant had previously operated a similar counter on an independent basis, but had sold this business because of the long hours and the fact that, in her opinion, she could not do jus-

tice to the job. The Board found that she was seeking the same hours and type of work she had while a waitress. Based upon these findings, the Board concluded her refusal to be personal, and not job related. We agree.

■ ■ The claimant's argument that she is physically unable to handle the offered job is completely unsupported by her own testimony and is presented here for the first time, with no mention of any specific physical inability. In fact, although not found by the Board, the record reveals that when the claimant filed an application for benefits she placed no restrictions or limitations on her ability to work. It is true that an individual's physical inability to perform certain employment may be good cause for refusal to accept an offered job. In any event, the burden is upon the claimant to show that the refusal is for good cause, and the record reflects that the claimant has failed to produce evidence of any physical condition warranting her refusal.

This case is to be distinguished from *Kuhn* v. *Department of Employment Security,* Docket No. 291-75 (April 6, 1976). In *Kuhn,* the Board found, "upon ample evidence", that the claimant's employment was terminated. This was interpreted as a firing rather than a quit. The firing was based upon actions of the claimant which were clearly supported as taken in good faith by the Board's findings and necessary inferences therefrom. Here, the Board found the claimant to be seeking the same hours and kind of work required by her former waitressing job. It also found her, however, to be qualified by previous training and experience for the position refused and concluded her refusal to be personal and not job related. The findings in each case were based upon sufficient evidence and supported the decisions of the Board.

■ The claimant also claims that she was deprived of a right to present additional evidence to the Board. This additional evidence was the testimony concerning working conditions and responsibilities of a woman who had worked at the job in question.

Although this question is not properly before us because not certified as required by V.R.A.P. 13(d), we have examined the requests to produce additional evidence, and they contain no

offer of evidence which relates to the claimant's reasons for refusal. The evidence offered related to the job itself, not to the claimant's condition. Furthermore, the requests made no mention of any physical inability preventing her from accepting the offered employment. We cannot say that the Board abused its discretion under its Rule 17E.

The judgment of the Board is entitled to strong credence, as within the particular province of the regulatory board with recognized competence and expertise. *Ellis* v. *Department of Employment Security*, 133 Vt. 533, 346 A.2d 221 (1975). The findings, being supported by the evidence, support the conclusions and decision of the Board.

*Judgment affirmed.*