**John Gutches v. Department of Employment Security**

[450 A.2d 1146]

No. 327-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Elliot M. Burg* and *Paul Mollica,* Law Clerk (On the Brief), South Royalton Legal Clinic, South Royalton, for Plaintiff-Appellant.

*William T. Keefe* and *Matthew R. Gould,* Montpelier, for Defendant-Appellee.

Billings, J. This is an appeal from the Vermont Employment Security Board which adopted the findings of the appeals

referee disqualifying the claimant from recovering unemployment benefits because he failed without good cause to accept suitable work. 21 V.S.A. § 1344(a)(2)(C). In addition, claimant was required to repay $375.00 for the weeks he had been paid benefits for which he was later found disqualified. 21 V.S.A. § 1347.

Claimant, after having been unemployed for approximately five months, was referred to a job opening at AAMCO Transmissions in Rutland, Vermont. The job was described by Vermont Job Services in the following manner: "Inside sales person, assistant manager, to sell by phone and walk-in traffic full services. Must attend AAMCO manager's school for one week. Road test car with owner. Must work well with mechanics." Claimant had prior experience in Vermont and New Jersey as a mechanic and service salesman where he dealt with customers, diagnosed problems with automobiles, arranged repairs and repair prices with customers, followed through on ordered work, and processed warranty claims. He did not perform services in office management and had always worked under the supervision of a service manager or general manager. At the job interview, the owner indicated that ultimately, after training at the school, the owner wished to be relieved of the daily control of the business, and claimant would have that responsibility. In addition, the owner indicated that in accepting transmission work it was the policy of his company to urge customers to have a full transmission overhaul rather than to have just the actual problem repaired. The claimant was uncomfortable with the employer's expectation that he would soon take over the responsibility for running the business and with the employer's policy of overselling. For these reasons he declined the job offer.

To qualify for benefits, claimant was required to be available and able to work. 21 V.S.A. § 1343(a)(3). Availability encompasses a requirement that the work be "suitable." 21 V.S.A. § 1344(a)(2)(C). Suitable work is that which an employee is capable of performing and is reasonably related to his qualifications. *In re Potvin*, 132 Vt. 14, 18, 313 A.2d 25, 27 (1973). In determining suitability, the degree of risk involved to claimant's health, safety, and morals, his physical fitness and prior training, his experience and prior earnings,

his length of unemployment, prospects of securing local work in his customary occupation, and distance of available work from his residence are considered. 21 V.S.A. § 1344(a)(2) (D). The claimant has the burden of establishing that the work offered was not suitable, *Martin* v. *Department of Employment Security*, 138 Vt. 475, 477, 417 A.2d 932, 934 (1980), or that the refusal was for good cause, *Lanctot* v. *Department of Employment Security*, 134 Vt. 281, 283, 356 A.2d 531, 533 (1976).

■■ Claimant did not meet his burden of establishing that the work offered was unsuitable. Considering the claimant's prior record and experience, length of unemployment, distance from home, and salary offered, we conclude that the job was suitable. Claimant's concern about the amount of responsibility he would eventually be expected to assume, especially in view of the proposed training, does not make the offered work unsuitable. The judgment of the Board is entitled to strong credence, and the findings supported by the evidence support the Board's judgment. *Lanctot* v. *Department of Employment Security, supra,* 134 Vt. at 284, 356 A.2d at 533; *Ellis* v. *Department of Employment Security,* 133 Vt. 533, 536, 346 A.2d 221, 223 (1975).

■ The claimant also did not meet his burden of proving good cause for his refusal of offered employment. *Lanctot* v. *Department of Employment Security, supra,* 134 Vt. at 283, 356 A.2d at 533. Claimant's claim that he refused the job due to his personal belief that he was not capable of assuming the responsibilities of the job is not supported by the evidence. He admitted that with training he could eventually do the job. Claimant's personal objection to the employer's selling practices is not a basis for good cause refusal. While we are not approving the selling practices here, there was no showing that they were illegal, deceitful, fraudulent, or unethical. The Board did not err in concluding that the claimant did not have good cause to refuse the offered employment.

*Affirmed.*