*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-305

JANUARY TERM, 2011

| | | |
|---|---|---|
| Floyd Kilburn | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 03-10-283-12-E |
| (Jolley Associates, Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals from the Employment Security Board's decision to deny him unemployment benefits. We affirm.

For nineteen years, claimant and his wife operated a convenience store/gas station leased from Jolley Associates, which had a right of first refusal if and when the business was sold. Jolley exercised that right on November 30, 2009, after the business was put up for sale and a buyer emerged. At the time, the business had six employees, including claimant. Jolley offered jobs to all of the employees except claimant. At some point after the sale of the business, claimant sent a resume and letter to Jolley applying for a job, but claimant received no response.

On December 1, 2009, claimant filed a claim for unemployment benefits. In March 2010, a claims adjudicator allowed the claim, and the administrative law judge upheld that decision in May 2010 following Jolley's appeal. Jolley appealed again, this time to the Board, which reversed the administrative law judge's decision. The Board adopted the administrative law judge's findings, including that Jolley had not offered claimant a job or responded to his letter seeking employment, but further found that, at the time Jolley purchased the business, "claimant made statements to the effect that he was interested in working for [Jolley] in the future, but could not do so until he resolved some medical issues with his knees." The Board reasoned that because "claimant made statements to the employer . . . calculated to preclude an offer of work," Jolley did not offer claimant a job at the time of the sale of the business. See 21 V.S.A. § 1344(a)(2)(C) (stating, in relevant part, that individual shall be disqualified for benefits if "during the course of a job interview for available employment made verbal statements . . . calculated to preclude an offer of work").

On appeal, claimant argues that the Board violated its own rules and due process by basing its decision upon evidence not contained in the record below. According to claimant, the Board quoted language from some unnamed source containing information that claimant was going to take time off during the holidays to have surgery. We reject this argument because the record does not demonstrate that the Board relied on evidence outside the record in making its decision. Counsel for the Board asked Jolley at the hearing whether claimant had indicated that

he did not want to work until after he had surgery. Further, the chair of the Board later noted that claimant indicated that he had to have surgery during the holidays and that he sent his resume to Jolley in February or March. In each instance, the counsel and the chair used the first person to indicate what claimant had stated to Jolley, but this does not demonstrate that they were quoting from some unknown document outside the record. Claimant himself, in response to a question from a March 2010 fact-finding report, stated "I discussed with Shawn Bartlett that I would work for them, but that I needed to have some bad knees taken care of. I sent a letter to Shawn Bartlett with my resume, a month or so ago. I never had the surgery." This report was admitted into evidence and thus was part of the record before the Board. Hence, there was evidence in the record to support the Board's supplemental findings upon which it based the denial of benefits. Claimant's suggestion that the Board relied upon some other evidence not in the record is pure conjecture.

Claimant also argues that the improper evidence relied upon by the Board was prejudicial to his case. Because we reject claimant's premise—that the Board relied upon improper evidence—we need not address this argument. To the extent that claimant is complaining about the employer's representative testifying about a conversation that defendant had with other Jolley employees, hearsay is permissible in proceedings before the Board and claimant's own statements support the testimony that he spoke to another Jolley employee (Shawn Bartlett) about needing to take time off for surgery before accepting a job with Jolley. See Harrington v. Dep't of Emp't & Training, 152 Vt. 446, 449-50 (1989) (allowing exclusive reliance on hearsay where claimant neither disputed evidence nor objected to it). Finally, we need not consider claimant's argument, raised for the first time in his reply brief, that there was no evidence from which the Board could have concluded that he made statements calculated to preclude an offer of work "during the course of a job interview." 21 V.S.A. § 1344; see Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 1 n.2, 176 vt. 356 (noting that arguments raised for first time in reply brief need not be considered).

Affirmed.

**JOHNSON, J., concurring**. I agree that the record does not support the arguments claimant raises in his principal brief and that claimant failed to raise in his principal brief the inapplicability of 21 V.S.A. § 1344(a)(2)(C) based on the lack of a formal job interview. Accordingly, I concur with the panel's decision to uphold the Board's order. I write, however, to express my concern that the Board applied § 1344(a)(2)(C) in circumstances beyond those set forth in the provision's plain language.

Section 1344(a)(2)(C) precludes a claimant from obtaining unemployment benefits for a specified period if:

> He or she has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the commissioner; or to accept suitable work when offered him or her, or has during the course of a job interview for available employment made verbal statements which are either untrue, show an unreasonable lack of interest, or are calculated to preclude an offer of work . . . .

(Emphasis added.). Here, the Board accepted the administrative law judge's finding that Jolley had not offered claimant work, but nonetheless relied upon the above provision to deny claimant

benefits, presumably because claimant had made verbal statements to Jolley calculated to preclude an offer of work "during the course of a job interview for available employment." Id.

While the record demonstrates that claimant acknowledged having told a representative of Jolley that he would work for the company after having his knees taken care of, the context of that conversation is entirely unclear. I would not presume that the conversation occurred "during the course of a job interview for available employment." Id. The facts surrounding the timing and process by which Jolley approached and hired those who had worked at the former gas station were vague and insufficient to support the applicability of § 1344(a)(2)(C) in these circumstances, particularly keeping in mind that, given "the beneficial and remedial purposes of this law, no person should be denied benefits unless, based on the statutory provisions, the requirement of denial of benefits is clearly established." Martin v. Dep't of Emp't Sec., 138 Vt. 475, 477-78 (1980).

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice