*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-155

OCTOBER TERM, 2014

| Donald Matteson | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | |
| (Charbonneau Design and Construction LLC, | } | DOCKET NO. 02-14-152-11 |
| Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from a decision of the Employment Security Board denying a request for unemployment benefits. We affirm.

As found by the Board, the underlying facts may be as summarized follows. Claimant was employed by Charbonneau Design and Construction LLC as a general laborer for approximately two months. His last day of employment was January 31, 2014. The following day, claimant woke up to find his knee swollen and painful, and as result he has been unable to return to work. An adjuster for the Department of Labor denied claimant's request for unemployment benefits, and claimant appealed.

Following a hearing, a hearing officer found that claimant had left work due to a certified health condition which precluded him from performing his duties, and that a one-week minimum disqualification from benefits, for the week ending February 8, 2014, was statutorily required. See 21 V.S.A. § 1344(a)(3) (providing for disqualification from benefits "[f]or not more than six weeks nor less than one week" following claim where claimant left employment "because of a health condition . . . which precludes the discharge of duties inherent in the employment"). The hearing officer further found that claimant remained physically unable to work at any job for which he was qualified, and therefore remained ineligible for benefits under 21 V.S.A. §1343(a)(3) (providing that an unemployed individual shall be eligible to receive benefits only where he or she "[i]s able to work, and is available for work"). In this regard, claimant testified that he was "totally unable to work because I can barely walk" and acknowledged in his application form that he had no experience in unrelated work, and a note from claimant's services coordinator for Pathways Vermont also stated that claimant was unqualified for other work. See Gutches v. Dep't of Emp't. Sec., 141 Vt. 587, 589 (1982) (observing that availability to work "encompasses a requirement that the work be 'suitable,'" which is work that "an employee is capable of performing and is reasonably related to his qualifications).

The hearing officer accordingly determined that claimant was disqualified for benefits for the week ending February 8, 2014 and ruled that claimant was ineligible for subsequent weeks. Following a hearing, the Board adopted the hearing officer's findings and conclusions. This pro se appeal followed.

Our review is limited. We generally presume that decisions within the Board's expertise are "correct, valid, and reasonable" unless there is "a clear showing to the contrary." Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.). We will uphold the Board's findings "unless clearly erroneous," and its conclusions "if fairly and reasonably supported by those findings." Id.

Claimant's one-page brief on appeal argues for "consideration for unemployment benefits for the time worked in th[e] two months" of December 2013 and January 2014. The argument is not entirely clear. To the extent that claimant seeks benefits for the period that he was employed, the argument is obviously unavailing, as a prerequisite to benefits is unemployment. To the extent that claimant generally takes issue with the decision, we must point out, as the hearing officer here explained, that unemployment compensation is not designed "to serve as a disability program," but rather presupposes that the claimant is able and available to work. See Willard v. Unemployment Compensation Comm'n, 122 Vt. 398, 404 (1961) (observing that unemployment compensation is not intended "to provide sick benefits nor to compensate those who cease working because of illness"). Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice