*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-238

AUGUST TERM, 2015

| Tammy Shaw | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 04-14-276-20 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the Employment Security Board's decision denying her request for unemployment-compensation benefits on the ground that claimant left her previous employment voluntarily. We affirm.

Claimant filed a claim for unemployment-compensation benefits in March 2014 after her employment at Helen Porter Nursing Home, Inc. as a nursing assistant ended on March 23, 2014. A claims adjudicator denied her request, finding that claimant left her employment voluntarily without good cause attributable to her employer. See 21 V.S.A. § 1344(a)(2)(A). Claimant appealed this decision to an administrative law judge (ALJ).

At the hearing, claimant testified about the events prior to her departure. She explained that she was working a night shift and applied for a day shift, but was not chosen for the position, so she tendered her two-week resignation with an effective date of March 23, 2014. She explained, however, that after she submitted the letter she spoke with the interim nursing director about continuing to work per diem. Her understanding at the end of the conversation was that she would continue working per diem. At a subsequent meeting with the interim director and her supervisor, however, she was told employer was keeping her resignation. Employer submitted a letter, which was admitted at the hearing. The letter stated that claimant had submitted a resignation letter expressing that she could not continue working "due to childcare issues." The letter further stated that after the resignation letter was received, claimant approached the interim director of nursing about working under a per-diem status, and the interim director said that she would need to review claimant's human-resources file and speak with her supervisor to make a decision. After consideration and consultation, the interim director decided not to offer claimant per-diem hours, and she accepted claimant's resignation.

Based on this evidence, the ALJ found as follows.[*] Claimant was employed by the Helen Porter Nursing Home, Inc. as a licensed nursing assistant, working the evening shift. A position

---

[*] The ALJ found that claimant was employed by the nursing home for nine years, apparently based on a statement in the letter from employer that claimant "was hired on

on the day shift opened up, and claimant applied for it, but she was not hired for the position. Claimant was upset by this, and she tendered her resignation with an effective termination date of March 23, 2014. On March 17, 2014, claimant approached the interim director of nursing, and expressed interest in continuing to work at the nursing home on a per-diem basis. At the conclusion of the meeting, the interim director told claimant that she would need to review her human-resources file and speak with claimant's immediate supervisor before making her decision. On March 21, 2014, claimant met with her supervisor and the interim director. The supervisor informed claimant that they would not keep her on in a per-diem role and her resignation would remain effective March 23, 2014.

Based on these findings, the ALJ concluded that claimant initiated the separation from employment when she gave her two-week notice, and that claimant failed to show that she had good cause for leaving attributable to her employer. While claimant was dissatisfied with employer's decision not to hire her for the open daytime position, employer had discretion in making this business decision. Thus, claimant's unhappiness was not good cause attributable to her employer. With respect to the per-diem position, the ALJ found that this was also a business decision by employer and that it did not amount to a discharge because claimant had already given her notice. The ALJ thus concluded that claimant was disqualified for benefits. Claimant appealed to the Board. Following a hearing, the Board adopted the ALJ's findings and conclusions. This appeal followed.

Our review of the Board's decision is deferential. We will uphold its findings of fact unless clearly erroneous, and its conclusions of law if fairly and reasonably supported by the findings. Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.).

On appeal, claimant's main argument is that she did not leave voluntarily because she was told she could continue working on a per-diem basis. Claimant fails, however, to demonstrate that the ALJ's findings, accepted by the Board, are clearly erroneous. Although claimant says that the interim nursing director promised claimant she would continue to be employed on a per-diem basis, there was contradictory evidence submitted by employer. Employer's letter stated that the interim director informed claimant she would decide about the per-diem employment after reviewing claimant's human-resources file and speaking with her supervisor. The letter indicated that after such consultation employer decided not to offer claimant per-diem hours and accepted her resignation. The ALJ and the Board credited the version of events in employer's letter over claimant's testimony. We will not reassess the evidence on appeal because it is for the Board as factfinder, not this Court, to assess the weight and credibility of the evidence. Ellis v. Dep't of Emp't Sec., 133 Vt. 533, 536 (1975).

Claimant also argues that her resignation letter should have been submitted as an exhibit and that the Board erred in stating that she left her employment due to child-care issues. There was no error in failing to admit the resignation letter as an exhibit insofar as the letter was not offered by claimant at the hearing. As to the Board's recitation that claimant resigned due to child-care issues, this statement is supported by the facts given in employer's letter. Moreover,

10/18/2005." Claimant pointed out to the Board that this was not accurate, and that while she had worked briefly for employer in 2005, she had most recently been employed there for two years. The Board nonetheless adopted the ALJ's finding. Although this finding appears to be erroneous, it does not impact the central issue of whether claimant left her employment voluntarily, and therefore any error is harmless.

the issue of why claimant decided to submit her resignation letter is not relevant to the outcome of this appeal, and thus any error is harmless.

     Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice