VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.          22-AP-269

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2023

Kaifa Dennis* v. Department of Labor
(Health Design Ltd Co.)

}   APPEALED FROM:
}
}   Employment Security Board
}   CASE NO. 04-22-002-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of his request for unemployment compensation. We reverse and remand for additional proceedings.

Claimant worked as a Business Development Director for employer beginning in August 2021. On November 19, 2021, he wrote a letter to employer resigning from his position. He indicated in his letter that he would work during the thirty-day notice period called for in his employment agreement or employer could pay him severance for that period. In mid-December 2021, claimant applied for unemployment compensation. A claims adjudicator denied his request, finding that claimant was disqualified because he "left the employ of [his] last employing unit voluntarily without good cause attributable to the employing unit." 21 V.S.A. § 1344(a)(2)(A). Claimant appealed this decision to an administrative law judge (ALJ), and the ALJ affirmed.

The ALJ made the following findings. Claimant was hired as a contractual employee in August 2021. Employer was concerned about claimant's work product. As part of a ninety-day review of claimant's performance, employer indicated that claimant must have a daily check-in with the Vice President of Product Development to receive new tasks and touch base on his current projects. Employer indicated that it attempted to work with claimant initially through praise, encouragement, and mentorship. It took a more direct approach during the ninety-day review. As indicated above, it asked claimant to submit his projects to employer, which would then be returned to him with feedback. Claimant felt that employer was harassing him by telling him that his projects needed additional work. He believed that employer made false statements about his work during the ninety-day review process and that employer was disparaging him.

The ninety-day review occurred on November 1, 2021. Claimant continued to work on projects for approximately a week thereafter. At that point, claimant used all of his sick and vacation leave except for one day. Claimant returned to work on November 19, 2021, and, at the end of the day, he delivered his resignation letter to employer. The parties' employment contract stated that either party could end the employment agreement with thirty-days' notice. Claimant

offered to work the thirty-day-notice period but he did not do so. Employer returned claimant's personal belongings to him.

Based on these findings, the ALJ concluded that claimant left his employment voluntarily without good cause attributable to employer and was thus disqualified for benefits under 21 V.S.A. § 1344(a)(2)(A). While claimant interpreted employer's constructive criticism in a negative way, the ALJ considered constructive criticism an appropriate managerial function and found no evidence that employer acted in an unreasonable manner. The ALJ thus concluded that claimant was ineligible for benefits for the week ending December 18, 2021.

Following argument, the Board adopted the ALJ's findings and reached the same conclusion. In its decision, the Board considered both parties' argument that the ALJ had improperly excluded certain evidence. The ALJ had ruled that any documentation generated after the date of separation—November 19, 2022—would be excluded. The Board explained that it needed to evaluate the appropriateness of this ruling on a document-by-document basis. It thus needed to be able to identify with specificity the documents offered and excluded and the basis for the exclusion. On the record provided, it could not determine if the purportedly excluded documents were offered to the ALJ. It consequently found no improperly excluded evidence that would warrant a remand to the ALJ. Claimant now appeals.[*]

Claimant argues that he lawfully terminated his employment with employer and that he was denied the opportunity to work during the thirty-day notice period. He also asserts that employer's testimony is contradicted by the evidence he submitted and that "a handful of evidence crucial to [his] complaint and his claims w[as] not admitted." He does not specify what evidence was improperly excluded.

Absent a clear showing to the contrary, we presume that any decisions within the Board's expertise are correct, valid, and reasonable. Caledonian Record Publ'g Co. v. Dep't of Emp't & Training, 151 Vt. 256, 260 (1989). We will uphold the Board's factual findings unless clearly erroneous, and its conclusions of law if fairly and reasonably supported by its findings. Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.). We leave it to the Board to assess the weight and credibility of the evidence. Ellis v. Dep't of Emp't Sec., 133 Vt. 533, 536 (1975).

---

[*] While it is not clear, claimant also appears to be challenging the dismissal of some type of complaint that he filed with the Department of Labor. He acknowledges that the time to appeal that decision has passed. Claimant contends that the appeal period should have begun when he became aware of the Department's dismissal of his complaint, which he contends was on March 24, 2022. The only order at issue in this appeal is the denial of claimant's request for unemployment compensation and we do not address any separate complaint that claimant may have filed with the Department. Our review is limited to the record below. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record."); see also V.R.A.P. 13(b) (describing composition of record in appeals from boards and administrative agencies); 3 V.S.A. § 809(e) (describing composition of record in contested case). For that reason, we grant the Department's motion to strike materials submitted by claimant that are outside the record. The Department has also indicated its belief that claimant's initial claim form is outside the record. Assuming that is correct, we have not relied on this document in reaching our conclusion.

We reverse and remand because the ALJ and Board failed to resolve a key factual dispute regarding the circumstances of claimant's departure. Under 21 V.S.A. § 1343(a)(8), an unemployed individual who meets certain requirements is eligible for benefits if he or she "[h]as given written notice of resignation to his or her employer and the employer subsequently made the termination of employment effective prior to the date of termination as given in the notice." The statute further provides that, if a claimant cannot "establish good cause for leaving work . . . and was not discharged for misconduct . . . or for gross misconduct . . . , in no case shall unemployment benefits awarded under this subdivision exceed four weeks or extend beyond the date of separation as provided in the employee's notice to employer." Id.

We addressed a similar issue in Kelley v. Dep't of Labor, 2014 VT 74, 197 Vt. 155, which was decided before the effective date of the statutory language above. In Kelley, an employee submitted her resignation with an effective date three weeks later. Employer allowed her to keep working for several days and then "terminated her employment and escorted her off the premises." Id. ¶ 2. We held that, under these circumstances, the employee "did not leave her employment voluntarily even though she had tendered her resignation because employer discharged her during her period of notice." Id. ¶¶ 4, 10. We explained that "[i]n determining whether a separation from employment is a discharge or a voluntary quit, we look to the intent of the parties at the time of the separation." Id. ¶ 10. We concluded that the record showed that the employee sought to continue working through the notice period and would have done so but for employer's decision to terminate her. We considered the "[e]mployer's action in escorting claimant from the premises . . . consistent with a discharge rather than a voluntary resignation." Id.

In reaching this conclusion, we rejected the argument that the employee had no right to continue working through her notice period. We acknowledged case law holding that "absent an employment contract provision or a trade usage as to notice to quit, an employee's options do not include a right to specify a future effective date of termination. A voluntary quit is without good cause if it is conditioned in a manner not within the options open to the employee." Id. ¶ 11 (quotation and brackets omitted). We found this holding distinguishable, noting that the employer in Kelley "had a policy that asked employees to give two weeks' written notice," and that "after [the] claimant gave her written notice, [the] employer agreed to allow [her] to continue working" through her notice period. Id. ¶ 12.

In the instant case, claimant had an employment agreement that provided: "While you are employed by Healthy Design and regardless of what your job is, unless you have an express written employment contract, you and Healthy Design both have the right to terminate your employment at any time without cause and with one month's notice." Claimant provided employer a letter of resignation on Friday, November 19, 2022. He stated that "[a]ccording to the terms of the Employment Document, please let this constitute my one-month notice. I will accept one month's severance pay and stop work immediately as oppos[ed] to remaining on for another thirty days." This was sufficient to provide a date certain for his resignation. Employer returned claimant's personal belongings to him the following Monday and claimant apparently returned his work computer.

Claimant argued below that he was prevented from working during the notice period. Employer took the position that claimant could have worked from home during the notice period without his work computer. It also expressed its belief that claimant had done little work leading up to his resignation letter, appearing to suggest that claimant was not entitled to be paid during the notice period. This factual dispute was never resolved, and no findings were made regarding the applicability of 21 V.S.A. § 1343(a)(8) and the precise date on and circumstances under

which claimant left his employment. The ALJ and the Board must determine, in the first instance, if employer terminated claimant "prior to the date of termination as given in the notice." 21 V.S.A. § 1343(a)(8). Because this key finding was omitted, we reverse and remand for additional proceedings, including the presentation of additional evidence if needed to make the necessary findings on this issue.

Notwithstanding our reversal on the grounds above, we see no basis to disturb the Board's conclusion that claimant's decision to resign was not for good cause attributable to his employer. Claimant states that his "work diligence was met with persistent offensive conduct from [employer]." The Board concluded otherwise. It considered employer's actions an appropriate part of its managerial functions. We leave it to the factfinder to weigh the evidence and evaluate the credibility of witnesses, Ellis, 133 Vt. at 536, and its decision on this point is supported by the record. To the extent that claimant argues that certain documents related to this issue were wrongly excluded, claimant fails to demonstrate error. The Board explained that it could not discern which documents claimant argued were offered and wrongfully excluded. Claimant similarly has not made this showing on appeal. See In re S.B.L., 150 Vt. 294, 297 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal. We will not comb the record searching for error.").

Reversed and remanded for additional proceedings consistent with this opinion.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice

4