VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-193



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2025

| | |
|---|---|
| Lenora Travis\* v. Department of Labor (Wesco, lnc.) | } APPEALED FROM:<br>}<br>} Employment Security Board<br>} CASE NO. 11-23-011-01 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of her request for unemployment benefits.  The Employment Security Board determined that claimant was ineligible for benefits because she left her employment voluntarily without good cause attributable to her employer.  We affirm.

An administrative law judge made the following findings after a hearing, which the Board adopted as its own.  Claimant began working for employer as a cashier in December 2021.  She resigned in late July 2023.  Toward the end of her employment, there was a new manager at claimant's store.  Claimant was concerned that her manager was under the influence of substances at work.  She was also concerned by retail theft occurring during her shifts and suspicious individuals lingering around the store.  Claimant talked about the issues with employees who had previously managed her store but who were now working at other locations.  The coworkers did not have supervisory or managerial authority over claimant's manager at the time of separation.  Claimant resigned based on her frustration with her workplace.

Based on these findings, the Board concluded that claimant was disqualified for benefits because she left her employment voluntarily without good cause attributable to her employer.  See 21 V.S.A. § 1344(a)(2)(A).  It explained that claimant had the burden of proof on this issue and needed to show that she attempted to remedy problems in her workplace by notifying employer of the issue.  See Bombard v. Dep't of Lab., 2010 VT 100, ¶¶ 9-10, 189 Vt. 528 (mem.). While claimant confided in and sought advice from trusted fellow employees, these coworkers were not in a position of authority over claimant's store.  Claimant asserted that she left a message with employer's human resources department, but the Board found no evidence in the record to demonstrate that any message was received.  The court thus concluded that claimant failed to meet her burden of proof.  This appeal followed.

In her brief, claimant provides her version of events.  She states that she now knows the precise dates on which she contacted her employer and left messages about her concerns.  Claimant also contends that the former managers of her store should have brought these issues to

employer's attention.  Claimant describes the working conditions at the store and her efforts to get to work despite challenging circumstances.

Our review of the Board's decision is "highly deferential."  863 To Go, Inc. v. Dep't of Lab., 2014 VT 61, ¶ 8, 196 Vt. 551.  We "construe[] the record in a manner most favorable to the Board's conclusions," and will "affirm[] the Board's findings if they are supported by credible evidence, even if there is substantial evidence to the contrary."  Fleece on Earth v. Dep't of Emp. & Training, 2007 VT 29, ¶ 4, 181 Vt. 458 (quotation omitted).  We presume that decisions within Board's expertise are "correct, valid, and reasonable" absent a "clear showing to the contrary."  Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.).

As indicated above, individuals are disqualified from unemployment benefits when they leave their employment voluntarily without good cause attributable to their employer.  21 V.S.A. § 1344(a)(2)(A).  Claimant had the burden of proving good cause and showing that she made "some effort to remedy alleged poor working conditions or . . . that such effort would be unavailing."  Bombard, 2010 VT 100, ¶¶ 9-10.  "Generally, notice to the employer is required when an employee leaves a job for unsatisfactory working conditions so that the employer has an opportunity to rectify the situation before becoming responsible for unemployment compensation payments."  Id. ¶ 9 (quotation omitted).

While claimant testified that she called the human resources department several times and left messages about her concerns, the Board credited the testimony of claimant's district manager that she received no information about the situation from claimant or from the other employees that claimant contacted.  We leave it to the Board as factfinder to assess the weight of the evidence and the credibility of witnesses.  Ellis v. Dept of Emp. Sec., 133 Vt. 533, 536 (1975).  We note that claimant's fellow employees were not obligated to contact the district manager on claimant's behalf.  Claimant offers new information in her brief concerning the alleged dates of her calls to employer about the situation at the store.  Our review is limited to the record below, however, and we cannot consider new evidence on appeal.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining that Supreme Court's "review is confined to the record and evidence adduced at trial" and "we cannot consider facts not in the record" on appeal).  We conclude there is no basis to disturb the Board's decision that claimant resigned voluntarily without good cause attributable to employer.

Affirmed.


BY THE COURT:


Paul L. Reiber, Chief Justice


Karen R. Carroll, Associate Justice


William D. Cohen, Associate Justice


2